THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EVAN JOHNSON, Defendant-Appellant.

(No. 70-239;

Second District—August 17, 1972.

Ralph Ruebner, of Defender Project, of Elgin, (Paul Bradley and Helen Feldon, of counsel,) for appellant.

Jack Hoogasian, State's Attorney, of Waukegan, (James W. Jerz, of State's Attorney Association, of counsel,) for the People.

Mr. JUSTICE THOMAS J. MORAN delivered the opinion of the court:

In three indictments, defendant was charged with separate offenses of burglary, armed robbery, and robbery/armed robbery. He pled guilty to armed robbery, was sentenced to a term of ten to fifteen years in the penitentiary and appeals, raising the sole issue that the sentence was excessive.

On the day set for trial, and prior to the adoption of Supreme Court Rule 402, defendant, his appointed counsel and an assistant State's Attorney appeared requesting a discussion with the trial judge pertinent to a plea arrangement on the single charge of armed robbery. The State related that agreement had been reached whereby defendant would accept a sentence of four to six years upon a plea of guilty. The court was generally informed that defendant had committed other criminal acts but specific details were not provided. The court admonished defendant of his rights and accepted the plea, stating, "* * * based upon what I have heard thus far, and assuming nothing of a more serious nature than what I have heard today of some consequence is brought forth, * * * I will follow the recommendation of the sentence of from four to six years." The case was then set for hearing in aggravation and mitigation.

On the day set and before hearing commenced, the trial judge informed the parties that, subsequent to accepting the plea, he had learned that the victim of the armed robbery had been shot and that he would not, therefore, be bound by his earlier agreement. He then recused himself from the case and transferred the cause to another judge.

The second judge allowed defendant to withdraw his plea and a plea of not guilty was entered. Shortly thereafter, having again been thoroughly admonished of his rights and without negotiations, defendant again entered a plea of guilty.

At a combined hearing on probation and aggravation and mitigation, it was disclosed that defendant was 21 years of age, single, unemployed and living alone. At 14 years of age he had been sent to the Illinois Training School at St. Charles and remained for 22 months. Released, he was subsequently returned on two occasions, spending twelve of the next 23 months in St. Charles. At age 18, he pled guilty to burglary and was granted four years probation, during which time he stole three automobiles. His probation was revoked, he was sentenced to 1-2 years. Within eight months, he was arrested for deceptive practice. While incarcerated for this offense, the three aforementioned indictments were returned against him.

The facts underlying the burglary indictment are undisclosed by the record except that, according to defendant's testimony, the burglary occurred four days after the first armed robbery and two days before the second.

During the first armed robbery, defendant, armed with a gun, took the contents of a gas station's cash register and ordered the attendant to lay, face-down, on the floor. While the attendant was in this position, defendant pulled the phone from the wall, causing it to fall on the

attendant's head. Defendant remarked, "You're not out," and the gun fired, the bullet entering the attendant's leg above the ankle, shattering the bone and ricocheting into his left thigh. Defendant claims that gun discharged accidentally.

The second armed robbery, during which defendant was accompanied by a friend armed with a gun, occurred at a feed store. The owner and his wife were present. Money was taken from the person of the owner, his wife's purse taken and, while no shots were fired, the owner was knocked unconscious. (Defendant claims this last to be the result of his friend's action.)

██ Supporting defendant's position that the punishment was excessive, it is pointed out that, prior to learning a shot had been fired, the first judge was inclined to accept the original recommended sentence of four to six years; it is thereafter implied that the impression of the first judge should have some import or bearing on the second judge or upon this court. If, indeed, this inference may be considered an argument, we find no merit in it.

Such inference is so lacking in legal basis that it would not normally be answered, except that, in this case, defendant's counsel, having set forth the first judge's impression, proceeds to conclude that essentially, then, the second judge contended only with the issue of "the accidental discharge of a pistol during the course of an armed robbery  *  *  *" and concludes that the sentence was too heavy and without consideration of possible rehabilitation.

Having *all* of the facts before him and having considered the background of the defendant, the trial judge imposed the ten to fifteen year sentence.

██ It is further contended that the American Bar Association's Standards Relating to Sentencing Alternatives and Procedures, Sec. 3.2 (c)(3), were not followed. These standards are suggestions, not the law of Illinois.

██ Finding no abuse of discretion by the trial court and no evidence that would cause us to interfere with its judgment, the sentence imposed by the trial court will be affirmed.

Judgment affirmed.

ABRAHAMSON and GUILD, JJ., concur.