THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* O. Z. HARSTON, Defendant-Appellant.

(No. 72-328;

Second District—November 8, 1974.

Ralph Ruebner and Adam Lutynski, both of State Appellate Defender's Office, of Elgin, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Clarence Wittenstrom, Assistant State's Attorney, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

The defendant was tried by a jury and convicted of armed robbery, a Class 1 felony. Following a hearing in aggravation and mitigation, he was sentenced to 12 to 15 years in the penitentiary. On appeal, three issues are raised, one by counsel and two *pro se*.

Defendant, by counsel, contends that the sentence is not indeterminate and that it therefore violates provisions of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1(a)) and, further, that it ignores the Illinois Constitution which mandates that penalties be determined with the objective of restoring the offender to useful citizenship. The defendant relies upon the one-third rule established by the ABA Standards and incorporated in the Unified Code of Corrections for Class 2 and Class 3 felonies. This rule requires that the minimum sentence shall not exceed one-third of the maximum sentence actually imposed. This court has held, and defendant concedes, that the ABA Standards are suggestions and not the law for Class 1 felonies. *People v. Johnson*, 6 Ill.App.3d 1083, 1085 (1972).

■■ Without setting forth criterion or authority, defendant argues that any "radical variance" from the one-third rule renders the sentence determinate, instead of indeterminate, as a matter of law. Illinois courts have upheld sentences as indeterminate with only 1 year between the minimum and maximum. (*People v. Bell*, 7 Ill.App.3d 625, 627-28 (1972); *People v. Weaver*, 5 Ill.App.3d 754, 757-58 (1972).) The constitution clearly sets forth not only that penalties be imposed with the objective of restoring the offender to useful citizenship but that sentence be determined by the seriousness of the offense. Here, the trial court took cognizance of the seriousness of the offense, defendant's proclivity toward violence and his prior convictions for theft and burglary. The 3-year variance between the minimum and maximum sentence reflects the trial court's assessment of defendant's potential for rehabilitation. That assessment is reasonable and we hold the sentence to be indeterminate.

The next issue, which defendant raises *pro se*, is whether the trial court erred in denying defendant's motion for discharge pursuant to section 103—5 of the Criminal Code (Ill. Rev. Stat. 1971, ch. 38, § 103—5(a)), which states in part:

"Every person in custody in this State for an alleged offense shall be tried by the court having jurisdiction within 120 days from the date he was taken into custody unless delay is occasioned by the defendant * * *."

Subparagraph (d) provides for discharge from custody for failure to comply with this provision.

■■▶ While he was incarcerated on other offenses, a warrant was issued on February 10, 1972, charging defendant with the instant offense. He was tried on the other charges and convicted on May 9, 1972. He was tried on the present charge on June 19, 1972, more than 120 days after issuance of the warrant. Nevertheless, defendant is not entitled to discharge. Section 103—5(e) provides:

> "If a person is simultaneously in custody upon more than one charge pending against him in the same county, or simultaneously demands trial upon more than one charge pending against him in the same county, he shall be tried * * * upon at least one such charge before expiration relative to any of such pending charges of the period prescribed by subparagraphs (a) and (b) of this Section. Such person shall be tried upon all of the remaining charges thus pending within 160 days from the date on which judgment relative to the first charge thus prosecuted is rendered * * *."

We assume, since the record is silent on the point, that defendant was tried on the other charges within 120 days of incarceration. Inasmuch as he went to trial on the present charge well within the 160-day limit allowed by subparagraph (e), the State complied with the statutory mandate and the defendant is not entitled to discharge. *People v. Olbrot,* 49 Ill.2d 216 (1971).

In *Olbrot,* defendant was incarcerated under various and separate offenses. Trial on one of the charges began within 120 days but ended in a mistrial. Thereafter, on the 123rd day of his incarceration, defendant was tried on one of the other charges. The court held this was not a violation of the 120-day rule, and stated, at page 219, "It is clear that if the first trial * * * had resulted in a guilty verdict rather than a mistrial, section 103—5(e) would have provided an additional 120 days [present statute reads 160 days] from the date of defendant's incarceration for that offense in which to try the four other pending indictments."

Finally, defendant contends that the trial court committed reversible error by perjuring "himself to favor the court by use of technical evasion." This argument appears to be based on defendant's belief that the trial judge did not read certain files which the judge said he had read. This issue is without merit.

The judgment of the circuit court is affirmed.

Judgment affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.