THE PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee, *v.* CRAIG ROMERO *et al.*, Petitioners-Appellants.

(Nos. 73-217, 74-361 cons.;

Fifth District—August 27, 1975.

Paul Bradley and Martin Carlson, both of State Appellate Defender's Office, of Chicago, for appellants.

Howard Hood, State's Attorney, of Murphysboro (Bruce D. Irish and Raymond F. Buckley, Jr., both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Jackson County, entered after a jury verdict where defendants were adjudged guilty of burglary and theft over $150. Craig Romero was sentenced to concurrent terms of 4 to 12 and 3 to 9 years, and Michael McCrillis was sentenced to concurrent terms of 2 to 6 and 1 to 3 years.

The defendants were convicted of burglary and theft of a home in Murphysboro, Illinois. The case against the defendants revolves primarily around the testimony of one Don Reynolds. At the time of the incident charged, Reynolds was a boarder in the Murphysboro home of Richard Potts, and the defendants in turn were overnight guests of Potts. Reynolds testified that on Friday, October 27, 1972, the defendants left the house at 6 p.m. and that he left some time thereafter. When he returned at 10 p.m., he stated that the defendants were not in the house. He then went to bed but was awakened around midnight when the defendants returned. Reynolds further testified that when the defendants returned they were carrying a color television set and a bag containing items which he did not see. Reynolds stated that the defendants communicated to Potts that they had taken the property from a home down the street. On cross-examination Reynolds admitted having a gun but denied ever having waved it around or getting into a fight with the defendant Romero.

Reynolds testified further on direct examination that the next morning he, Potts, and the defendants drove to Pinckneyville, Illinois, to look at gun shops. The questioning of Reynolds on this subject was allowed over the objection of the defendants. Reynolds stated this trip was taken at the instigation of the defendants and was for the purpose of discovering which gunshop would be the easiest to "rip off." On the way back from Pinckneyville, Reynolds stated the defendants stopped at a store and bought rubber gloves.

. Reynolds related that he had been uneasy about the events of the previous evening and the trip to Pinckneyville because he did not wish to become implicated in the offenses committed by the defendants. Con-

sequently, when he returned from Pinckneyville he called Gary Ashman, a State trooper with whom he was acquainted to inform him about the events which had transpired and about the burglary the defendants were planning to commit in Pinckneyville.

Over the defendants' objection, Ashman testified that as a result of this conversation he informed the police in Pinckneyville that the defendants were on their way there to burglarize a store. Ashman testified further that after obtaining a search warrant he conducted a search of Rick Pott's house and seized property which he believed had been taken in a burglary.

The final witness for the State was the deputy sheriff who arrested the defendants in Pinckneyville. He testified over the defendants' objection that he arrested them for trespassing and then searched the defendants' car. From the trunk of the car the deputy seized a lug wrench, a tire tool, two pair of rubber gloves, a roll of tape, and a screwdriver. The deputy testified further that the defendants were charged with illegal possession of burglary tools.

The defendants testified on their own behalf, and gave a markedly different account than Reynolds of the events which had transpired. The defendants testified they spent most of the evening at the Potts' house, leaving the house only twice, both for short periods. They denied they were out after 10 p.m. and claimed they did not burglarize any home. They further testified that Reynolds and defendant Romero got into an argument which resulted in Reynolds waving a gun and Romero punching Reynolds in the face in order to get the gun away from him. The defendants alluded to this fight as grounds for inferring ill will on the part of Reynolds toward the defendants and as being the reason why Reynolds was trying to frame them.

It was also the defendants' contention that the trip to Pinckneyville was made at Reynolds' suggestion and that while on this trip Reynolds tried to persuade the defendants to help him burglarize a store. They claimed they refused this offer. It was the defendants' further contention that they went back to Pinckneyville later that day not with the idea of burglarizing any store but instead to stop Reynolds from bringing any stolen merchandise back to Potts' house. Romero testified the rubber gloves were purchased by Reynolds and left in the car in order to get back at Romero for the argument the night before.

■■ The first issue presented by the defendants on appeal is whether the admission of evidence concerning a subsequent offense and testimony that they were arrested on a charge other than those for which they were tried denied them a fair trial. The defendants contend the admission of testimony about their plan to burglarize a sporting goods

·store and the charge of illegal possession of burglary tools was irrelevant and prejudicial. The defendants cite the general rule that·evidence of other crimes than that for which defendant is on trial is inadmissible unless its relevancy in placing a defendant in proximity to the time and place, aiding or establishing identity, or tending to prove design, motive, knowledge or intent is so closely connected with the main issue as to justify admission. (*People v. Cage*, 34 Ill.2d 530; *People v. Harvey*, 12 Ill.2d 88; *People v. Lehman*, 5 Ill.2d 337.) The reason given for this rule is stated by the supreme court in *Lehman*:

> "Evidence of other crimes is objectionable 'not because it has no appreciable probative value, but because it has too much.' [Citation.] The law distrusts the inference that because a man has committed other crimes he is more likely to have committed the current crime. And so, as a matter of policy, where the testimony has no value beyond that inference, it is excluded." (5 Ill.2d 337, 342.)

Therefore it is the responsibility of this court to determine whether this evidence was sufficiently probative of an issue in this case to outweigh the prejudicial effect of disclosing this evidence of another crime committed by the defendants to the jury.

■■ The trial court, over the defendants' objection, admitted this evidence on grounds it was probative of the defendants' intent or design. These two reasons fall within the traditional exceptions to the general rule of inadmissibility. The defendants contend, though, that neither of these exceptions cited by the trial court is applicable to the evidence in this case. This court is in agreement with the defendants' conclusion, but not necessarily for the same reasons. The defendants first claim intent was not an issue in the case and therefore this evidence was not admissible to prove intent. (*People v. Baxter*, 74 Ill.App.2d 437.) The court agrees with this proposition of law but disagrees that the State did not have to prove the issue of defendants' intent. In order to sustain a burglary conviction it is necessary for the State to show the defendants entered a building belonging to another, without authority, and with the requisite intent. According to the instructions given by the trial court the jury was required, in order to convict the defendants, to find they possessed the requisite intent. (IPI—Criminal 14.06.) A plea of not guilty puts in issue all material allegations to be proved by the State. *People v. Hobbs*, 297 Ill. 399. See also *United States v. Ring* 513 F.2d 1001 (6th Cir. 1975).

The evidence, though, of another offense, whether prior to or subsequent to the offense charged, must be substantially similar to the one charged in order to be probative of the defendants' intent. (*People v.*

*Smith,* 18 Ill.2d 547; *People v. Clark,* 9 Ill.2d 46.) It is the repetition .of the offense and its similarity which negates an attempt to show an innocent state of mind. The other offense introduced in the instant case was not of such a similar nature as to fit within the similarity requirement. The subsequent offense was a planned burglary of a sporting goods store as opposed to the burglary of a house; it was in a different city; and it was approximately 24 hours after the burglary charged in this case. Although the length of time between these two events in the instant case was not as long as the amount of time involved in the *Smith* case, the substantial similarity of the offenses in *Smith* made the time differential less important. Because of this lack of similarity the evidence of the subsequent offense should not have been admitted on the issue of defendants' intent.

■■ The defendants further contend this evidence should not have been admitted on the grounds it showed a common design. In order to be admissible on the issue of common design the evidence of another offense must come within the requirement of being substantially similar and have common features with the offense charged. (*People v. Tranowski,* 20 Ill.2d 11; *People v. Lehman,* 5 Ill.2d 337; 2 Wigmore on Evidence, § 304 (3rd ed. 1940).) For the reasons mentioned in the discussion of intent this evidence of another offense lacked a sufficient number of common features and degree of similarity to be used to prove a common design, and therefore should not have been admitted on this ground.

■■ Although this evidence is not admissible on the issues of similarity or common design, the State contends it should nonetheless have been admitted on the ground it was relevant to enhance the credibility of their key witness, Don Reynolds. Although the admission of other offenses into evidence has traditionally been for the purposes of showing intent, common design, knowledge, motive and identity, it is not limited to these purposes and may be admitted if relevant to a contested issue in the case and tends to establish the crime charged. This type of evidence is objectionable when the inference that because the accused committed one offense, he is more likely to have committed the one charged, outweighs its probative value on a contested issue in the case. *People v. Allen,* 1 Ill.App.3d 197.

■■ In the instant case, there was conflicting evidence on the issue of who was responsible for the burglary charged and the plan for the subsequent burglary. The defendants claimed the State's witness, Reynolds, was responsible for both events and that he was trying to "frame" the defendants. Reynolds on the other hand claimed the defendants were responsible for the offenses. It can be concluded that the credibility of Reynolds was at issue in the case. In *People v. Cole,* 29 Ill.2d 501,

the Supreme Court of Illinois said that evidence of a prior narcotics transaction between the defendant and a narcotics agent was relevant and admissible for the purpose of making the agent's account of the transaction charged more plausible. And in the case of *People v. Robinson*, 98 Ill.App.2d 285, the court said that in addition to being admissible on the issue of defendant's identity, evidence of the circumstances surrounding his arrest was admissible in order to bolster the credibility of the arresting officer. In the instant case, the evidence that Reynolds called the police and reported the planned subsequent burglary and the fact the defendants were arrested at the site of the planned offense gave credence to Reynolds' testimony that the defendants were responsible for the burglary charged. This evidence therefore could have been properly admitted on the grounds it tended to establish Reynolds' credibility.

■■ Although this evidence was not originally admitted for the purpose of enhancing a witness' credibility, there is a rule in Illinois that if the judgment of a court is correct, but the reasons assigned for that judgment are incorrect, the appellate court will not disturb the judgment. (*People v. Pahl*, 124 Ill.App.2d 177; *People v. Garrett*, 115 Ill.App.2d 333.) Therefore since the admission of this evidence was proper, this court will not disturb the decision to admit it even though the court predicated its admission on improper grounds.

■■■ The admission of this type of evidence is subject to the limitation that it may be considered by the jury only for the limited purpose of determining the credibility of Reynolds. (*People v. Brand*, 415 Ill. 329.) Normally, in order for a defendant to complain about the absence of an instruction he must have tendered an instruction of his own on the subject. But because of the particular circumstances of the instant case, the defendants could not have been expected to make such a tender, and therefore those cases which require such a tender are not applicable. We therefore conclude that an instruction should have been given limiting the consideration of this evidence to the issue of Reynolds' credibility.

■■ Since a limiting instruction was required in this case, the question becomes whether or not the instruction given, which limited this evidence to the issues of defendants' intent, design and knowledge, was sufficiently accurate so as not to mislead the jury. (IPI—Criminal 3.14.) In the case of *People v. Gambony*, 402 Ill. 74, 81-82, the supreme court stated:

> "The sole function of instructions is to convey to the minds of the jury the correct principles of law applicable to the evidence submitted to it in order that, having determined the final state of facts from the evidence, the jury may, by the application of proper

legal principles, arrive at a correct conclusion according to the law and the evidence."

Although the jury in the instant case was in essence instructed not to use this evidence for the purposes of inferring the defendants' propensity to commit crimes, it was not accurately instructed on the proper use of this evidence. Therefore, since the jury was erroneously instructed on the uses of this evidence, it can only be assumed they were misled by the court into using this evidence for other than the proper purposes. For this reason and because of the possibility of prejudice resulting from this type of evidence, we conclude the trial court committed reversible error by not properly instructing the jury on the use of this evidence.

Consequently, as the judgment must be reversed because of the improper instruction, it will not be necessary to discuss defendants' other points which were raised in their appeal.

The defendants filed a pro se petition for post-conviction relief and the trial court dismissed their petition. The defendants appealed from the order of dismissal, and the post-conviction appeal (People v. Romero and McCrillis, No. 74-361) was consolidated with the direct appeal. As the judgment in this case is reversed and the case remanded for a new trial, the post-conviction appeal is dismissed.

For the reasons stated, the judgment of the Circuit Court of Jackson County is reversed and the cause remanded for a new trial. The appeal in the post-conviction proceedings is dismissed.

Judgment reversed and cause remanded; appeal dismissed.

EBERSPACHER and KARNS, JJ., concur.