THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARIO MARTINEZ, Defendant-Appellant.

(No. 74-367;

Second District (2nd Division)—January 20, 1976.

Robert S. Bailey, of Chicago, for appellant.

Gerry L. Dondanville, State's Attorney, of Geneva (Edward N. Morris and Christine M. Drucker, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE THOMAS J. MORAN delivered the opinion of the court:

In four separate indictments, defendant was twice charged with the crime of knowingly delivering less than 30 grams of a substance containing heroin, and twice charged with the crime of knowingly delivering more than 30 grams of a substance containing heroin. He pled guilty to all four charges. Accordingly, he was sentenced to serve prison terms of 3 to 9 years, and 4 years to 12 years on the charges of delivering less than 30 grams; he was sentenced to serve two 6- to 12-year sentences on the charges of delivering more than 30 grams. All sentences were to be served concurrently. He now appeals, contending that the minimum

sentences for the crimes of delivering more than 30 grams should be reduced from 6 years to 4 years.

Delivering more than 30 grams of a substance containing heroin is a Class 1 felony for which "the minimum term shall be 4 years unless the court, having regard to the nature and circumstances of the offense and the history and character of the defendant, sets a higher minimum term * * *." (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—1.) In support of his contention for a reduction of sentence, defendant argues that a court which imposes more than a 4-year minimum sentence is required to make a specific finding as to its reasons for such imposition. We find no merit in this contention; the statutory language of section 5—8—1 clearly does not require a trial judge to make such specific findings.

In addition, defendant contends that the record reveals nothing in this particular case or in his background to justify the imposition of a minimum sentence of more than 4 years. He notes that he is only 22 years old with a good employment record and that he does not have an extensive criminal record. He also asserts that the quality of the drugs he sold was sufficiently low to indicate that he was not a major drug dealer.

While the record does support defendant's age, his characterization of his employment record and his lack of prior extensive criminal involvement, it does not establish that he was a casual, small-scale drug dealer. The record, in fact, supports the opposite conclusion, for it contains testimony which establishes that defendant made several heroin sales of more than 30 grams to an undercover agent, that defendant told the agent that he had several other customers to whom he was selling an ounce of heroin a week, and that if he and the agent were to become partners they could make $250,000 on a cocaine sale. Finally, at the time of his arrest, defendant and the agent were negotiating on the future sale of 1.1 pounds of heroin, an amount which defendant did not anticipate having any difficulty obtaining. These facts indicate defendant's extensive involvement in illicit drug traffic.

We, therefore, find that the trial judge did not, as defendant argues, abuse his discretion when he imposed the 6-year minimum sentences for the two crimes. *People v. Williams*, 16 Ill.App.3d 199, 204 (1973); *People v. Johnson*, 6 Ill.App.3d 1083, 1085 (1972).

Judgment affirmed.

RECHENMACHER and DIXON, JJ., concur.