THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* KIRBY GARDNER, Defendant-Appellant.

Fifth District   No. 76-423

Opinion filed December 30, 1977.

Michael J. Rosborough and Randy E. Blue, both of State Appellate Defender's Office, of Mt. Vernon, for appellant.

K. Scott Wilzbach, State's Attorney, of Salem (Bruce D. Irish, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CARTER delivered the opinion of the court:

The defendant, Kirby Gardner, was arrested on January 7, 1976, and charged by information with armed robbery in the Circuit Court of Marion County, Illinois, two days thereafter. On February 15, 1976, the cause was set for jury trial for May 4 but was later continued to May 20, 1976 on motion by defense counsel, because the defense had not been furnished with a transcript of the preliminary hearing which it had earlier requested. On May 14, 1976, a petition for discharge and motion for dismissal was filed, seeking defendant's release for failure to comply with the 120-day speedy-trial provision of section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a)). On May 17, 1976, after a hearing, the court denied the motion. The cause proceeded to a jury trial on May 20,1976. Defendant was found guilty as charged and was sentenced to a term of four to 12 years imprisonment. He now appeals from this judgment of conviction.

The sole issue on appeal is whether the trial court improperly denied defendant's motion to dismiss. He contends that the trial court erred, because the delay of his trial for more than 120 days after he was taken into custody should not have been attributed to the defense so as to suspend the time period within which he was required to be tried. See Ill. Rev. Stat. 1975, ch. 38, par. 103—5(f).

However, the State, in addition to arguing that the delay was occasioned by the defense, urges that the 120-day limit of section 103—5(a) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1975, ch. 38, par. 103—5(a)) is not applicable. The State points out that the defendant was simultaneously in custody on previous charges of rape and burglary in Marion County as well as on the armed robbery offense. Rather, the State contends that under these circumstances the operative portion of the statute is section 103—5(e) which provides in pertinent part:

> "(e) If a person is simultaneously in custody upon more than one charge pending against him in the same county, or simultaneously demands trial upon more than one charge pending against him in the same county, he shall be tried, or adjudged guilty after waiver

of trial, upon at least one such charge before expiration relative to any of such pending charges of the period prescribed by subparagraphs (a) and (b) of this Section. Such person shall be tried upon all of the remaining charges thus pending within 160 days from the date on which judgment relative to the first charge thus prosecuted is rendered * * *."

We agree that the above-quoted provision governs the computation of the period of time within which the defendant had to be brought to trial on the armed robbery charge. In applying this provision we find that the defendant was tried well within the statutory limits and that the trial court did not err in denying defendant's motion to dismiss.

The supplemental record filed in this cause, consisting of the common law record in Marion County No. 73-CF-22, reveals that at the time of the commission of the armed robbery offense defendants was at liberty on bail pending retrial of burglary and rape charges. The defendant had been convicted pursuant to a plea of guilty on the rape charge on August 13, 1973, and received a sentence of three to 12 years, of which he served 18 months. On September 19, 1974, that judgment of conviction and sentence was reversed and remanded by this court, because the plea agreement entered into by the defendant and approved by the trial court called for a sentence which was less than the minimum set by the legislature. (*People v. Gardner*, 22 Ill. App. 3d 203, 317 N.E.2d 316.) Subsequent to the issuance of our mandate, the defendant was again charged by indictment with burglary and rape and released on bail. That cause was continued a number of times at the instance of the defense for reasons not relevant to this appeal. In the interim, while free on bail, defendant was arrested on the armed robbery charge on January 7, 1976, and bail was revoked. A jury trial on the burglary and rape charges commenced on March 30, 1976, and defendant was found guilty on both counts.

Thus, from the time of his arrest on the armed robbery offense, defendant was simultaneously in custody on more than one charge pending against him in the same county. He was tried on the burglary and rape charges long before the expiration of 120 days after being taken into custody. Under section 103—5(e) the defendant then had to be tried upon the armed robbery charge within 160 days from March 31, 1976, the date on which judgment on the rape and burglary offenses was rendered. (See *People v. Harston*, 23 Ill. App. 3d 284, 319 N.E.2d 67.) Defendant's trial on May 20, 1976, was therefore well within the 160-day statutory limit. For this reason, we find that the defendant was not entitled to be discharged from custody under the statutory speedy trial provision and that the trial court's denial of his motion to dismiss was proper.

In so holding, we are cognizant that the trial court did not rely on this

portion of section 103—5 in the denial of defendant's motion, but rather found that the delay beyond 120 days from the date defendant was taken into custody was occasioned by the defense. However, it is well established that if the ruling of the trial court is correct, even if premised upon different reasons from those which we find applicable, then it will be sustained. It is the lower court's judgment, not the reasons therefore which is before us on review. *People v. Romero*, 31 Ill. App. 3d 704, 710, 334 N.E.2d 305; *People v. Helse*, 23 Ill. App. 3d 944, 320 N.E.2d 375 (abstract); *People v. Pahl*, 124 Ill. App. 2d 177, 260 N.E.2d 294.

Accordingly, and for the reasons discussed herein, we find that the trial court did not err in denying the motion to dismiss and that it is unnecessary to review the merits of the defendant's contention that the continuance of his trial should not have been attributed to the defense.

The judgment of the Circuit Court of Marion County is affirmed.

Judgment affirmed.

EBERSPACHER, P. J., and G. J. MORAN, J., concur.