THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM WILLIS, JR., Defendant-Appellant.

Fifth District   No. 81—683

Opinion filed October 18, 1983.

Randy E. Blue, of State Appellate Defender's Office, of Mt. Vernon (Robert L. Carter, of Coppinger and Carter, of counsel), for appellant.

Randy Patchett, State's Attorney, of Marion (Stephen E. Norris and Karen Stallman, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE JONES delivered the opinion of the court:

The defendant, William Willis, Jr., appeals from his conviction for the offense of armed violence following a jury trial in the circuit court of Williamson County. He asserts on appeal that he was denied his right to a fair trial because (1) the trial court erroneously admitted evidence of a prior crime and (2) the prosecutor made improper remarks during closing argument. We affirm.

The events giving rise to the armed violence charge against the defendant occurred on March 12, 1981, when the defendant and four other boys decided to drive from Flora, Illinois, to Oklahoma in a car belonging to one of them. On the way, at 2 a.m. on March 13, 1981, the boys stopped at Johnston City, Illinois, behind Huck's Convenience

Store. Two of the boys, David McCormick and Chris Lagle, got out of the car. Chris Lagle stood look-out while David McCormick, armed with a gun, went into the store and told the night cashier to give him the money out of the register. McCormick grabbed the $37 placed on the counter by the cashier, and he and Lagle ran across the field behind the store back to the car. The boys drove off but stopped down the highway to get gasoline, candy bars, Cokes and coffee. They then drove on to Oklahoma.

Prior to trial the defense counsel made a motion *in limine* to preclude the State from offering testimony as to other crimes committed by the defendant with the people present at the time of the armed-violence offense. One of these crimes involved the siphoning of gasoline from a car on March 12, 1981, in Flora, Illinois. The court reversed ruling on this motion on the basis of the State's argument that such evidence might be admissible for a limited purpose under the rule regarding the admissibility of evidence of other crimes.

At trial the prosecutor made an opening statement to the effect that the defendant would be proved accountable for McCormick's armed robbery of the Huck's store. The defense counsel asserted that the defendant neither committed acts nor had the requisite intent to aid or abet McCormick in the commission of the crime. He contended, therefore, that the defendant could not be held liable for McCormick's actions on an accountability theory.

The court subsequently ruled that evidence of the gasoline siphoning incident in Flora, Illinois, was admissible to show the defendant's intent or motive in the offense charged. James Dulaney, one of the four boys accompanying the defendant on the night in question, testified that during the evening hours of March 12, 1981, he, Chris Lagle, David McCormick, Nelson Pruitt and the defendant were riding around in Flora, Illinois, in Dulaney's automobile. The five boys eventually decided to go to Oklahoma although they had no money for the trip. Before leaving Flora they stopped at Grubb's Salvage where the defendant and another one of the boys siphoned gasoline into a 10-gallon can. Dulaney then put the gasoline into his car for the trip to Oklahoma.

The witness testified further that when the boys started to run low on gasoline around Johnston City, Illinois, they went into Johnston City and looked around for a place to siphon some more gasoline. When they were unable to find such a place, they agreed to rob a Huck's store to get money for gasoline. Dulaney testified that the defendant handed Lagle a gun that the defendant had put into the car and that Lagle gave the gun to McCormick, who robbed the store.

The boys then used the money to buy gasoline and candy bars.

Another witness for the State, Detective Marc Oliva, testified that on May 31, 1981, he had talked with the defendant in the Clay County jail in Louisville, Illinois. Oliva stated that on that occasion the defendant discussed the armed robbery of March 13, 1981, in Johnston City and discussed "his participation in the said armed robbery." When asked what the defendant's participation was, Oliva responded:

"He said that on that date about 2:00 A.M. he and four other friends were involved in the armed robbery. That while he was seated in the car parked on the west side of Huck's in Johnston City, Chris Lagle and Dave McCormick left the car and committed the armed robbery of the Huck's store."

Detective Oliva continued to testify concerning the details of the armed robbery as related to him by the defendant. He stated that the defendant told him he could hear Lagle and McCormick discussing something in the back seat prior to the robbery but that he (the defendant) "didn't know what was going on ***." The prosecutor asked Oliva:

"Q. Did he [the defendant] say anything to the effect that he knew they were going to rob the store when they got out of the car?

A. Yes, he did. He said he didn't know they were going to do it."

During closing argument the prosecutor made the following comment:

"You then heard from Detective Oliva, who testified that he interviewed the defendant in Louisville, Illinois, *** the defendant admitted, admitted participation in the crime. He admitted participation in this process—."

The defense counsel objected to this as a misstatement of the evidence, but the trial judge ruled that the jury would have to decide the accuracy of the prosecutor's statement.

The defense counsel then gave his closing argument, stressing that there was insufficient evidence of the defendant's specific intent to make him accountable for the offense in question. In his rebuttal argument the prosecutor stated:

"Counsel would have you believe that he [the defendant] is not guilty just because he was there. But read the law. Read the instruction I read to you earlier. Listen to the judge when he tells you, aiding, abetting, planning or commission of this offense, and just remember if it had not been for his gun there

would have been no armed robbery because there would have been no gun. His gun.

The evidence is uncontradicted that it was his gun. The evidence is basically uncontradicted except by James Nelson Pruitt [witness for the defense] that he handed him the gun.

But don't fall for the trap that he had to hand him the gun, take a physical act of handling it to him, he didn't—."

This statement was objected to as a misstatement of the law, but the court allowed the prosecutor to continue as follows:

"As I was saying, counsel would have you believe that he had to have him hand him that gun, that's the only shred of evidence that establishes, that is not the case."

The jury found the defendant guilty of armed violence, and the court entered judgment on the verdict. A post-trial motion was filed in which the defendant cited as error the court's admission of evidence of the gasoline siphoning incident in Flora. The court denied this motion, and the defendant then filed the instant appeal.

On appeal the defendant contends that the admission of evidence of the gasoline siphoning incident was erroneous because that offense was too dissimilar to the instant armed violence offense to be admissible as other crimes evidence. He notes that the two offenses occurred in different cities, several hours apart, and that they constituted entirely different crimes. Thus, the defendant contends, the probative value of this evidence was insufficient to justify its use in view of the potentially prejudicial effect of the evidence on the jury.

Generally, evidence of other crimes is inadmissible if relevant merely to establish the defendant's propensity to commit crime. (*People v. Lindgren* (1980), 79 Ill. 2d 129, 402 N.E.2d 238.) Evidence of the commission of other crimes is admissible, however, when such evidence is relevant to prove *modus operandi*, intent, identity, motive or absence of mistake. (*People v. McKibbins* (1983), 96 Ill. 2d 176, 449 N.E.2d 821; *People v. McDonald* (1975), 62 Ill. 2d 448, 343 N.E.2d 489.) In determining the admissibility of evidence of other crimes, it is necessary to weigh the probative value of such evidence against its probable prejudicial effect. *People v. Bynum* (1981), 102 Ill. App. 3d 461, 430 N.E.2d 110.

In the instant case the trial court found that evidence of the gasoline siphoning incident was admissible to show the defendant's intent in the subsequent armed violence offense in Johnston City. Since the defendant was being tried for the latter offense on an accountability theory, it was necessary to show that the defendant participated in the offense with the requisite intent. (See *People v. Ray* (1979), 80 Ill.

App. 3d 151, 399 N.E.2d 977.) The admissibility of the disputed evidence, then, depended upon whether it was sufficiently related to the instant offense to be probative on the issue of intent.

The supreme court, in *People v. McKibbins*, recently considered the degree of similarity required between two offenses where evidence of a crime other than that charged is offered to prove the absence of an innocent state of mind or the presence of criminal intent. The defendant there had been charged with murder, armed robbery and armed violence in connection with his participation in the armed robbery and murder of a parking lot attendant. The defendant had given a statement in which he admitted accompanying the perpetrators to the scene of the crime but stated that he had remained in the car while his two companions entered the shack in the parking lot to rob the victim, who was killed during the robbery. At trial the State introduced evidence regarding the defendant's active participation in another armed robbery, involving the same companions, two days later.

The defendant contended on appeal that the two crimes were not sufficiently similar to justify the admission of evidence of the subsequent armed robbery in the defendant's murder trial. In response, the *McKibbins* court stated:

"[W]hen evidence of [a] defendant's involvement in another offense is not offered to prove the commission of the crime charged, but is offered to prove the absence of an innocent frame of mind or the presence of criminal intent *** mere general areas of similarity will suffice. If these general similarities are shown, evidence of the defendant's involvement in another offense may be shown to establish the necessary criminal intent of the defendant in the offense charged. [Citation.]" (96 Ill. 2d 176, 185-86, 449 N.E.2d 821, 825.)

The court held that, in view of the defendant's statement that he had remained in the car during the commission of the murder and armed robbery, evidence of the subsequent crime was admissible

"*** to dispel any idea that the defendant had been somehow innocently involved in the robbery-murder. Although he may not have directly and actively participated in the actual robbery and murder, his involvement in the subsequent offense with the same two companions and the other similarities noted tend to establish that he participated in the previous offense with the necessary criminal intent. The evidence was thus relevant for a purpose other than to show the defendant's propensity to commit crime and was therefore admissible. [Citations.]" 96 Ill. 2d

176, 186, 449 N.E.2d 821, 826.

In the instant case, as in *People v. McKibbins*, evidence of the defendant's involvement in another offense was offered, not to prove the defendant's commission of the offense charged, but to establish that he participated in the latter offense with the necessary criminal intent. Here, as in *McKibbins*, the case against the defendant was premised upon his accountability for the acts of others, and evidence of his active participation in a related offense a few hours previously with the same companions served to negate the defendant's attempt to show an innocent state of mind as to the offense charged.

■ While, as the defendant notes, the offenses here at issue constituted crimes of a different nature, they were sufficiently related by their circumstances to come within the *McKibbins* requirement of general similarity. From the evidence it appears that both offenses were part of a joint enterprise by the defendant and his companions to obtain gasoline for their trip to Oklahoma. Both offenses were theft related and resulted from the boys' lack of money to make the trip. All five boys were present for both offenses, and, in each case, two of the boys actually committed the offense while the others waited in the car. Finally, both offenses were committed within a few hours after the boys had decided to go to Oklahoma and while they were on their way there.

Because of the common features connecting these offenses, the situation here differs markedly from that in *People v. Romero* (1975), 31 Ill. App. 3d 704, 334 N.E.2d 305, *aff'd* (1977), 66 Ill. 2d 325, 362 N.E.2d 288, upon which the defendant relies. In *People v. Romero* evidence of the defendants' plan to burglarize a sporting goods store and their possession of burglary tools for that purpose was held to be inadmissible in the defendants' trial for burglary of a house 24 hours earlier. While, as the court noted, the length of time between the two events was not great, there was a lack of evidence connecting the subsequent planned burglary to the burglary charged. For this reason evidence of the subsequent crime was not sufficiently probative to justify its admission in the case.

■ By contrast, in the instant case, the evidence showed that the offenses at issue were connected by a common purpose in that both offenses were committed to obtain gasoline for the trip to Oklahoma. Evidence of the defendant's participation in the gasoline siphoning incident, therefore, was probative on the issue of the defendant's intent in the subsequent armed-robbery offense, and we accordingly find no error in the court's admission of this evidence for that purpose.

The defendant further contends on appeal that he was unfairly

prejudiced by improper remarks made by the prosecutor during closing argument. The defendant, however, failed to include this allegation of error in his post-trial motion and so has waived it for purposes of review. (*People v. Jackson* (1981), 84 Ill. 2d 350, 418 N.E.2d 739; *People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) While, in such an instance, an alleged error may be considered on review if it constitutes plain error (73 Ill. 2d R. 615(a)), we find that no such error occurred in the instant case.

■ The remarks complained of by the defendant occurred in the first instance when the prosecutor summarized the testimony of Detective Oliva by stating that the defendant "admitted participation in the crime [the robbery of the Huck's store]" to Oliva. The defendant contends that this remark was tantamount to saying that he confessed to the crime when the defendant actually told Oliva that he did not know that McCormick and Lagle were going to rob the store. In his testimony, however, Detective Oliva stated that the defendant "discussed his participation in the armed robbery" and admitted that he was present at the scene of the crime, that he knew the robbers had a gun, and that he waited ·in the get-away car for their return. The prosecutor's remark, therefore, was not such a gross misstatement of the evidence as to constitute plain error, and the defendant cannot be said to have been unduly prejudiced thereby.

■ The defendant also complains that the prosecutor misstated the law of accountability in his rebuttal argument by implying that the defendant's presence at the scene of the crime was sufficient to support a conviction for the armed violence offense. The essence of the prosecutor's argument, however, was that proof of an overt, physical act by the defendant was not required for him to be held accountable for the crime charged. This was an accurate statement of the law, since one may aid and abet another in the commission of a crime without actively participating in the overt act. (*People v. Ray*.) The jury was, moreover, properly instructed on the law of accountability and was admonished by the court not to accept counsel's version of the law. We therefore find no merit in the defendant's argument that the prosecutor's remarks were improper and constituted reversible error.

For the reasons set forth in this opinion, we hereby affirm the judgment of the circuit court of Williamson County.

Affirmed.

HARRISON, P.J., and WELCH, J., concur.