(No. 39596.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* GEORGE DAUGHERTY, Plaintiff in Error.

*Opinion filed November 26, 1969.*

Ward, J., took no part.

Patrick T. Murphy, of Chicago, and Freddy S. Meinfelder, of Minnesota, for plaintiff in error.

William J. Scott, Attorney General, of Springfield, and Edward V. Hanrahan, State's Attorney, of Chicago, (James B. Zagel, Assistant Attorney General, and Elmer C. Kissane and Patrick T. Driscoll, Jr., Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Schaefer delivered the opinion of the court:

In September of 1959, a jury in the circuit court of Cook County found the defendant, George Daugherty, guilty of taking indecent liberties with a child, and he was sentenced to the Illinois State Penitentiary for a term of not less than one year nor more than 15 years. That judgment is now before the court upon a writ of error, which has been consolidated with a writ of error to review an order dismissing the defendant's post-conviction petition.

The prosecuting witness testified that on January 4, 1959, when he was 14 years old, he visited the defendant's apartment to watch television. The defendant occupied an adjoining apartment and was on friendly terms with the boy's family. The boy testified that while he and the defend-

ant were alone in the apartment watching television, the defendant asked him to rub his back. The defendant was dressed in pajamas. While the boy was massaging the defendant's back, the defendant turned around, unzipped the boy's pants and committed an act of fellatio. The prosecuting witness then committed a similar act upon him. A motion to suppress the defendant's confessions was overruled, and the two confessions, one to the arresting officer and one to an assistant State's Attorney, were received in evidence.

The defendant testified that he knew the boy's family socially and that they frequently visited his apartment and he visited theirs. He also testified that he did not, on January 4, 1959, or at any other time put his hands on the boy's penis or engage in fellatio with him, and that he had treated the children in the family of the prosecuting witness "with the best of respect * * *. I treated them more or less as if they were my own children." He also testified that after his arrest the interrogating officer accused him of committing similar acts with a younger brother, but that he denied any such acts. On cross-examination the defendant denied that the younger brother was ever alone with him in his apartment or that any of the boys ever massaged his back on the bed in the bedroom. He testified that he "treated every one of the children with the highest respect and tried to take them under my wing, like a family." The defense also called Arley Benton, a television repairman, who testified that he had removed the chassis of the defendant's television set for repairs on January 3, leaving only the cabinet.

On rebuttal the prosecuting witness was permitted to testify over objection to two other acts with the defendant, one of which occurred after he had been helping paint the defendant's apartment rather than after they had been watching television. He testified that he thought that it was the third act, that of January 4, which occurred after paint-

ing. One younger brother testified that he had been alone with the defendant in his apartment on three separate occasions and that each time he had massaged the defendant's back while defendant lay on the bed. Another younger brother also testified to being alone with the defendant in his apartment on three occasions and to massaging his back, twice on the couch in the living room and once on the bed in the bedroom. Each of the younger brothers denied that the defendant had treated him "fine."

In this court the defendant does not challenge the admissibility of his confession. His initial contention is that the rebuttal testimony of the two younger brothers was erroneously admitted in evidence because it suggested that the defendant performed sexual acts upon them. In a prosecution for taking indecent liberties with a child, evidence of similar offenses with other children is incompetent to establish any element of the offense charged. (*People* v. *Greeley,* 14 Ill.2d 428; *People* v. *Blockburger,* 354 Ill. 301; *People* v. *Rogers,* 324 Ill. 224.) In this case, however, the testimony was admitted to rebut the defendant's statements made during his direct examination. The situation thus differs from that in *People* v. *Kirkwood,* 17 Ill.2d 23, in which the admissibility of evidence suggestive of other offenses committed by the defendant was held to be improper. There the irrelevant testimony of the defendant which was relied upon to justify the rebuttal evidence had been elicited from him on cross-examination. In this case, however, the defendant, on his direct examination, testified broadly as to his splendid relationships with the entire family and his paternal attitude toward oll of the children, and specifically that neither boy had been alone with him or had massaged his back. The evidence in question was properly admitted. *People* v. *Hanley,* 317 Ill. 39.

Although the defendant concedes that similar acts with the same child are admissible on the prosecution's case in

chief (*People* v. *Anderson,* 375 Ill. 163), he objects to the rebuttal testimony of the prosecuting witness concerning similar acts. Evidence properly admissible in the case in chief may, however, be offered in rebuttal within the sound discretion of the trial court, and where the evidence tends to explain, repel, contradict or disprove the evidence of the defendant, the fact that it might have been offered in chief does not preclude its admission in rebuttal. (*People* v. *Lion,* 10 Ill.2d 208; *People* v. *Bell,* 328 Ill. 446.) The testimony of the prosecuting witness was properly received to explain the apparent contradiction as to the presence of the television set on January 4 by showing that he may have been confused as to which of the three acts was committed after watching television and which after painting.

The problem that has given us the greatest difficulty in this case concerns the closing argument of one of the assistant State's Attorneys. He stated that in his opinion the prosecuting witness could now be considered a "passive homosexual", "he will always be weak"; that the defendant "got" all three boys, that "he would have got anybody he could get his hands on"; that defense counsel was afraid to cross-examine the younger brothers for fear of what might come before the jury; and that the boys "are destroyed" and "it is almost like a shot of heroin, apparently." The defendant argues that these comments are so inflammatory and prejudicial as to require a new trial.

The comments were improper. Although defendant did initially raise the matter of his treatment of the other children, their testimony was admissible solely by way of impeachment, and not to prove that the defendant had committed offenses upon them. The record does not support the statement that the defendant "would have got anybody he could get his hands on." No evidence was introduced concerning "passive" homosexuality, or weakness or addiction to homosexuality. Homosexuality is a

complex psychological condition which evokes powerful emotional responses from the ordinary man, and a layman cannot be permitted, with no evidentiary support, to argue to a jury his views as to its characteristics. Although these comments were improper, an objection to each of them was immediately sustained, and the jury was instructed to disregard any statements of counsel not supported by the evidence. In our opinion, they do not warrant reversal of the judgment.

Finally, the defendant urges that his sentence should be reduced by this court to the time already served, 10½ years, on the ground that the trial judge was influenced in sentencing the defendant by thet improper argument of the prosecutor. The sentence imposed is within the limits prescribed for the offense, however, and in our opinion the parole board is in a better position than is this court to determine when the defendant should be released.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*

Mr. JUSTICE WARD took no part in the consideration or decision of this case.