(No. 47974.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellant,
v. CRAIG ROMERO *et al.*, Appellees.

*Opinion filed April 5, 1977.*

326

William J. Scott, Attorney General, of Springfield, and Howard L. Hood, State's Attorney, of Murphysboro (James B. Zagel, Jayne A. Carr, and Stuart W. Opdycke, Assistant Attorneys General, of Chicago, and Charles D. Sheehy, Jr., Bruce D. Irish, and Raymond F. Buckley, Jr., Illinois State's Attorneys Association Statewide Appellate Assistance Service, of Mt. Vernon, of counsel), for the People.

James Geis, Deputy Defender, and Martin Carlson, Assistant Defender, Office of State Appellate Defender, of Chicago, for appellees.

MR. JUSTICE MORAN delivered the opinion of the court:

Following a jury trial, the defendants, Craig Romero and Michael McCrillis, were found guilty of burglary and theft. The Fifth District Appellate Court reversed and remanded the case for a new trial. 31 Ill. App. 3d 704.

On the evening of October 27, 1972, the date of the burglary, the defendants were overnight guests in the Murphysboro home of Mr. and Mrs. Richard Potts. Don Reynolds, a friend of the Potts and a boarder in their four-room house, testified that the defendants left the house sometime after 6 p.m. Reynolds went out thereafter and returned at 10 p.m., at which time the defendants were not in the house. Reynolds went to bed, but was awakened around midnight by the defendants' return. He saw the defendants in possession of a color TV and a bag containing unidentified items, and overheard the defendants telling Potts that they had taken these items from a house down the street. During the next afternoon, Reynolds reported these events to a State trooper and verified for the police that the serial number on the color

TV, still in the Potts' home, corresponded to that of the set stolen from the victims.

The trial court additionally permitted Reynolds and various police officers to testify to events which indicated defendants were involved in other offenses on the day following the subject burglary. This testimony was permitted at length during the State's case in chief, over repeated objections by defense counsel, and was admitted, on the State's theory, for the express and limited purposes of proving defendants' intent and design.

Briefly, Reynolds testified that, on the day following the burglary, he had accompanied Potts and the defendants on a trip to the town of Pinckneyville. He attested that the trip was instigated by the defendants and was for the purpose of locating a gun shop that would be easy to burglarize. While in Pinckneyville, the defendants purchased some rubber gloves. Not wanting to become involved in a criminal undertaking, Reynolds informed a State trooper of the previous night's burglary of the Murphysboro home and of the proposed burglary of the Pinckneyville gun shop.

A State trooper corroborated Reynolds' report of the offense and testified to having notified the Perry County police that two men were on their way to burglarize Manns Sport Shop. A Perry County police officer testified that he and another officer apprehended the defendants in the parking area behind Manns Sport Shop. He said that, when apprehended, one of the defendants had a homemade blackjack in his possession. In the trunk of defendant Romero's car, the arresting officer found a tire tool, jack and lug wrench, a tool to adjust brakes, a screwdriver, two pairs of rubber gloves, and a roll of tape. The officer stated that the defendants were charged with trespass and possession of burglary tools.

Defendants thereafter denied involvement in the burglary of the Murphysboro home. They indicated, inferentially, that Reynolds' testimony was prompted by

an apparent grudge against Romero. On the evening of the subject burglary, Reynolds had waved a gun around during an argument and Romero had subdued him by punching Reynolds in the face and kicking the gun from his hand. They testified that it was Reynolds, not they, who formulated a plan to burglarize the gun shop and defendants merely went to the gun shop to prevent it at the urging of their host, Potts, who was a family man and did not want stolen goods brought into his home.

The jury was instructed that the evidence of defendants' subsequent offenses was to be considered only for the purposes of showing intent and design.

In the appellate court, the State for the first time advanced the additional theory that this evidence was admissible to enhance the credibility of its witness, Reynolds. The appellate court held that, because the subsequent offenses were dissimilar to the crime charged, evidence of those offenses was inadmissible to demonstrate intent or design but was, nonetheless, admissible under the State's "credibility" theory according to the authority of *People v. Cole* (1963), 29 Ill. 2d 501. The appellate court reversed and remanded the cause for a new trial because of the possibility of prejudice resulting from this type of evidence, and because the jury was erroneously instructed as to the purpose for which it could be considered.

During oral argument before this court, the State conceded that, under the facts, the appellate court was correct in holding the evidence of other offenses inadmissible to demonstrate intent or design. We agree. The State, however, went on to argue that the evidence was admissible to enhance the credibility of its witness, and for this proposition it relies on *People v. Cole* (1963), 29 Ill. 2d 501. It further maintains that no reversible error occurred because of the jury instruction, and that any possible error relative thereto was waived.

The defendants argue that the evidence of other offenses was not admissible to enhance credibility; that

evidence of specific instances of truthful conduct are not admissible to support the witness' testimony; and that it was error to characterize as burglary tools certain items found in the trunk of defendant's car, when no showing was made that these tools were or could have been used in the subject burglary.

The general rule is that evidence of offenses other than those for which a defendant is being tried is inadmissible. (*People v McDonald* (1975), 62 Ill. 2d 448, 455.) The underlying rationale is that such evidence "is objectionable 'not because it has no appreciable probative value, but because it has too much.' (1 Wigmore, Evidence, 3rd ed., sec. 194.) The law distrusts the inference that because a man has committed other crimes he is more likely to have committed the current crime." (*People v. Lehman* (1955), 5 Ill. 2d 337, 342.) Despite this clear risk of prejudice in the admission of such evidence, there are certain well-established exceptions to the rule:

> "Evidence which tends to prove a fact in issue is admissible though it may be evidence showing that the accused has committed a crime other than the one for which he is being tried, and evidence which goes to show motive, intent, identity, absence of mistake or *modus operandi* is admissible though it may show the commission of a separate offense." (*People v. McDonald* (1975), 62 Ill. 2d 448, 455.)

Also, where alibi is interposed as a defense, evidence to disprove the alibi is admissible though it may reveal another offense. *People v. Harris* (1970), 46 Ill. 2d 395, 399.

In *People v. Cole* (1963), 29 Ill. 2d 501, 505, this court held that evidence of prior narcotics transactions between the defendant and a Federal agent was admissible to explain and lend credence to the "otherwise unrealistic ease with which the Federal agent managed the [subject] controlled sale ***." The State's argument, that *Cole*

allows admission of evidence of other crimes to enhance the credibility of its key witness, was mirrored in the appellate court's opinion. On this point we disagree with the appellate court. *Cole* did not admit evidence revealing other offenses to bolster the credibility of the witness. There the prior events facilitated the otherwise implausibly simple controlled sale—the crime charged.

*Cole* involved a controlled sale of narcotics to a Federal agent, and the court pointed out that, "[c] onsidering the stealth with which narcotics transactions are conducted, it is not likely that agent Cook could have merely walked up to defendant, asked for a spoon of heroin, given him $120, gone to the Woods Lounge and had defendant give him the heroin. Yet this, in substance, is what the agent said. This account becomes plausible, however, when it is explained that on July 20 a special employee introduced Cook to defendant. These special employees of the police are generally users of narcotics and persons who know the sellers and are trusted by the sellers. Because of this introduction a sale was allegedly made on July 20, defendant making delivery by leaving the narcotics at a relay mail box. When no arrest was made for the transaction on July 20 *** the next sale *** was made with less stealth on September 26 ***. These prior transactions explain and lend credence to the otherwise unrealistic ease with which the Federal agent managed the controlled sale on October 10." *People v. Cole* (1963), 29 Ill. 2d 501, 504-05.

Here, the events subsequent to the burglary charged clearly did not facilitate it, and the events relevant to the subject crime were not of themselves implausible. The defendants related to their friend and host that they had committed a burglary down the street. Reynolds, a friend of the host family and boarder in their four-room house, overheard this conversation and saw the stolen property. He later identified the stolen TV as that which was brought in by defendants. *Cole* is inapplicable to the case

at bar. No other authority is urged to support an exception for witness credibility.

The only evidence presented at trial which linked the defendants with the subject burglary was Reynolds' testimony that he had seen them with the stolen property in their host's home and had heard them say they took it from a house down the street. Under these circumstances, the record offers no affirmative showing that the error—the admission of evidence of, subsequent offenses—was nonprejudicial. The case must therefore be remanded for a new trial. *People v. Stadtman* (1974), 59 Ill. 2d 229, 232.

As the evidence of other offenses was inadmissible, we find it unnecessary to reach the issues regarding jury instructions on such evidence, waiver of that issue, or the characterization as "burglary tools" of the items related to those offenses.

For the reasons set forth herein, the judgment of the appellate court reversing the circuit court is affirmed. The cause is remanded to the circuit court for a new trial to be conducted in accordance with the views expressed herein.

*Affirmed and remanded,*
*with directions.*