THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* VAN REMSEN, Defendant-Appellant.

Second District   No. 77-125

Opinion filed May 17, 1978.

Ralph Ruebner and Alan D. Goldberg, both of State Appellate Defender's Office, of Elgin, for appellant.

Daniel Doyle, State's Attorney, of Rockford (Phyllis J. Perko and Martin P. Moltz, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE BOYLE delivered the opinion of the court:

The defendant, Van Remsen, was charged in a complaint filed on June 25, 1976, in the circuit court of Winnebago County with two counts of disorderly conduct. After a bench trial the defendant was found guilty on both counts, sentenced to 60 days in the county jail with credit given for the 60 days served prior to trial, and placed on probation for a period of two years. Defendant appeals.

There are two issues presented for review: (1) Whether defendant's conviction under count I of the complaint must be reversed since the statute under which the defendant was convicted has been declared unconstitutional by the Illinois Supreme Court; and (2) Whether the defendant was denied a fair trial by the admission of evidence of other offenses.

In count I, Rick Salomon, the complainant, charged that the defendant, on June 23, 1976, "committed the offense of disorderly conduct, in that he, knowingly with intent to annoy Rick Salomon, made a telephone call to the said Rick Salomon whether or not conversation thereby ensued, in violation of" section 26—1(a)(2) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 26—1(a)(2)). Count II of the complaint charged that on June 23, 1976, the defendant "committed the offense of disorderly conduct, in that he, knowingly did an act in such an unreasonable manner

as to alarm or disturb Rick Salomon and to provoke a breach of the peace, to wit: Contacted in an harassing manner, in violation of" section 26—1(a)(1) of the Criminal Code of 1961 (Ill. Rev. Stat. 1975, ch. 38, par. 26—1(a)(1)).

The statute under which the defendant was charged in this action (Ill. Rev. Stat. 1975, ch. 38, par. 26—1) reads as follows:

"(a) A person commits disorderly conduct when he knowingly:
(1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace; or
(2) With intent to annoy another, makes a telephone call, whether or not conversation thereby ensues; * * *."

Briefly, by way of introduction, the complainant's wife, Janet Lynn Salomon, hereinafter Mrs. Salomon, a former star in the Ice Follies, had a dispute with the defendant over approximately a one-year period. Defendant contended that Mrs. Salomon had not compensated him for a "script" which he had submitted to her. Over this time the defendant had telephoned the Salomons on numerous occasions, stopped by to see if Mrs. Salomon was home, wrote a 25-page letter to Mrs. Salomon and also contacted Mrs. Salomon's parents.

After one of the telephone calls on November 7, 1975, the complainant told the defendant, "We don't owe you anything. Leave us alone." The defendant, however, ignored the complainant's request and on June 23, 1976, the defendant left a note for the Salomons with one of their neighbors, which stated he (the defendant) would telephone the Salomons that night at 6 p.m. At approximately 7:30 p.m. that evening the defendant called and the complainant asked him to stop harassing them. According to the complainant, the defendant explained that there were only two telephone calls in a month and they were not harassment. The complainant then told the defendant, "You are really upsetting us, and we don't have [sic] anything to do with you, with reference to this contractual script, and we don't ever want to see or hear from you again, and leave us alone." The complainant then testified that the defendant stated, "Keep in mind remember how big you are" and that he (the complainant) took this as sort of a threat and responded, "I don't care how big I am, I just want you to let us alone. We don't ever want to hear from you. Good day." This was the extent of the defendant's actions on the day in question—June 23, 1976.

During the course of the trial, various bizarre and iconoclastic exchanges occurred between the trial court and the defendant, including the defendant's request to fire his counsel, which was denied by the court. It would unduly prolong this opinion to set forth this testimony as well as the defendant's own distinctive testimony concerning how Mrs. Salomon had been "communicating with him via the television screen" when she

had performed on that media. It is sufficient to note that the court has reviewed the record and is fully familiar with the facts, none of which are in dispute here.

Defendant contends for the first time on appeal that his conviction for disorderly conduct (Ill. Rev. Stat. 1975, ch. 38, par. 26—1(a)(2)) under count I must be reversed because section 26—1(a)(2) was declared unconstitutional by our supreme court in *People v. Klick* (1977), 66 Ill. 2d 269, 362 N.E.2d 329, subsequent to the defendant's conviction. The defense cites our decision in *People v. Koppen* (1975), 29 Ill. App. 3d 29, 329 N.E.2d 421, and contends that this court may as a matter of fundamental justice, where the unconstitutionality has been first established, apply the ruling to subsequent cases on appeal, even though the unconstitutionality of this statute was not raised in the trial court. The State, on appeal, concurs with the defendant that his conviction for disorderly conduct under count I must be overturned based upon *Koppen* and the supreme court's holding in *Klick* that the above statute was overly broad in that it made a telephone call or calls with the intent to annoy criminal conduct in contravention of the protection of such conduct under the first and fourteenth amendments to the United States Constitution.

■■ We agree with the defense and State that defendant's conviction under count I of this statute which was subsequently found unconstitutional must be reversed as a matter of fundamental justice and fairness, even though the constitutionality of this statute is raised for the first time on appeal. (*People v. Sarelli* (1973), 55 Ill. 2d 169, 302 N.E.2d 317; *People v. Koppen* (1975), 29 Ill. App. 3d 29, 329 N.E.2d 421.) We also note in passing that subsection (a)(2) of section 26—1, at issue here, has been deleted in its entirety by the legislature and the sections redesignated commensurately in Public Act 80-795 (Ill. Ann. Stat., ch. 38, par. 26—1 (Smith-Hurd 1977)). Likewise, the legislature by this act also separately provided for violations which occur by persons who use the telephone for harassment purposes. (See Ill. Ann. Stat., ch. 134, par. 16.4—1 (Smith-Hurd 1977).) In any regard, we reverse defendant's conviction under count I for disorderly conduct, and the cause is remanded with directions to vacate his conviction as to count I.

We shall next consider defendant's second argument as to count II only. Defendant contends that he was denied a fair trial by the State's introduction of prejudicial evidence of other offenses. The defense avers that the defendant was on trial only for his actions toward the complainant, Rick Salomon, on June 23, 1976, but that evidence of at least three calls by the defendant to the complainant and his family on other dates, as well as a letter from the defendant to Mrs. Salomon and three encounters between the defendant and members of the complainant's

family which occurred on previous occasions, was admitted by the trial court. The defendant argues that this evidence, while possibly admissible to establish his intent and the unreasonableness of his actions, was very prejudicial to his cause and only served to confuse the trial judge. The State, in rebuttal, responds that there is no evidence that the trial court was confused by this testimony which was relevant to defendant's intent or, in the alternative, the admission of this evidence was harmless error because it did not affect the judge's verdict.

As a general rule, evidence of crimes other than those for which the defendant is on trial is inadmissible unless the evidence is relevant to establish the defendant's intent, motive, identity, absence of mistake, or *modus operandi. (People v. Romero* (1977), 66 Ill. 2d 325, 362 N.E.2d 288.) In addition, on appeal reviewing courts will sustain the trial court's determination as to the proper balance between the probative value of evidence of other crimes weighed against its prejudicial effect, unless the trial court has abused its sound judicial discretion. *People v. Lonzo* (1977), 47 Ill. App. 3d 939, 365 N.E.2d 528; *People v. Dumas* (1977), 49 Ill. App. 3d 756, 364 N.E.2d 616.

■■ ■ In the present case, our review of the record conclusively establishes that this evidence of other contacts by the defendant with the complainant and his family was not unduly prejudicial and was probative to circumstantiate the defendant's intent on June 26, 1976, and the unreasonableness and fractious nature of the defendant's conduct on that date. However, even assuming arguendo that the admission of this evidence was erroneous, such error was harmless beyond a reasonable doubt and does not require reversal on this count in light of the competent evidence at trial which established the defendant's guilt beyond a reasonable doubt. (*People v. Virgil* (1977), 54 Ill. App. 3d 682, 370 N.E.2d 74; *People v. Zynda* (1977), 53 Ill. App. 3d 794, 368 N.E.2d 1079.) In fact, the defendant does not dispute the sufficiency of the evidence as to count II on appeal—the pertinent evidence of which conclusively shows beyond a reasonable doubt that the defendant verbally harassed and threatened Rick Salomon in an unreasonable manner on June 26, 1976, and provoked a breach of the peace. Similarly, there is no evidence that the trial court considered this allegedly improper evidence nor was confused by it in reaching its verdict. Absent such a showing, this court must presume that the trial court considered only the relevant admissible evidence in reaching its decision. (*People v. Downey* (1977), 53 Ill. App. 3d 532, 368 N.E.2d 595.) Accordingly, we affirm the defendant's conviction under count II for disorderly conduct.

Defendant's conviction for disorderly conduct (Ill. Rev. Stat. 1975, ch. 38, par. 26—1(a)(2)) under count I is reversed; defendant's conviction for disorderly conduct (Ill. Rev. Stat. 1975, ch. 38, par. 26—1(a)(1) under

count II is affirmed; and the cause is remanded with instructions to vacate defendant's conviction under count I. The judgment of the circuit court of Winnebago County is affirmed in part, reversed in part, and the case is remanded with directions.

Affirmed in part; reversed in part; remanded with directions.

SEIDENFELD, P. J., and RECHENMACHER, J., concur.