THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* HAROLD L. BURKE, Defendant-Appellant.

Second District   No. 78-69

Opinion filed May 3, 1979.

Mary Robinson, of State Appellate Defender's Office, of Elgin, for appellant.

Gene Armentrout, State's Attorney, of Geneva (Phyllis J. Perko and Martin P. Moltz, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Harold Burke, was found guilty in a bench trial of theft over $150 and was sentenced to two to nine years in the penitentiary. On appeal he contends that he was not proved guilty beyond a reasonable doubt and that he was prejudiced by the admission of certain alleged hearsay.

On June 15, 1977, Howard Johnson, an employee at Reeves Oldsmobile and Cadillac agency in Elgin, was approached by a man who asked about the possibility of purchasing an inexpensive automobile.

Johnson took the man to the company's auto shop where he introduced the man to Herman Knapp, who had a car for sale. Knapp gave the man permission to run the engine, and shortly thereafter he noticed his car being driven away. Some three or four hours later it had not yet been returned and Knapp reported the incident to the police. Three days later, police saw someone driving the car and stopped it, arresting the driver, John Little. After a conversation with Little, he took the police to his apartment building. He there pointed to a man who fled the building and was quickly apprehended by police. The man who was apprehended is the defendant. On his person at the time was a key which fit the trunk and glove compartment of the car. At trial, Knapp provided a rather qualified identification of defendant as the man who wished to purchase his car, although he testified that defendant's eyes looked familiar but that his hair was different. Johnson testified that he had seen defendant at the car agency two or three times previously and indicated that defendant was the man whom he had talked to on June 15, 1977, although he looked different at the time of trial because he wore a beard and had not worn a beard when Johnson had previously seen him.

■■ Defendant's argument that he was not proved guilty beyond a reasonable doubt is based primarily on the circumstantial nature of the evidence and the alleged weakness of the identification he made at trial. A conviction may be sustained on circumstantial evidence as well as direct evidence (*People v. Williams* (1977), 66 Ill. 2d 478, 363 N.E.2d 801), and it is our opinion that the evidence in the present cause produced a reasonable and moral certainty that the accused and no one else committed the crime. (*People v. Williams.*) Even the State concedes a certain weakness to Knapp's identification at trial. However, an identification by one witness may be sufficient to prove defendant guilty beyond a reasonable doubt. (*People v. Speck* (1968), 41 Ill. 2d 177, 242 N.E.2d 208.) We believe that Johnson's identification at trial was sufficient, although he was slightly hesitant about the identification; he did identify defendant as the person who had appeared on June 15 and explained the basis for his hesitation, namely the fact that defendant was wearing a beard at trial while he had not worn a beard on June 15 or any of the other times that Johnson had seen defendant.

■■ ■ Defendant also contends that testimony that Little pointed to the man who fled was inadmissible hearsay. At trial, defendant's counsel objected to this testimony but indicated specifically that his objection was based upon there being no indication as to who the subject was that Little pointed out. An objection to evidence based upon a specific ground is a waiver of objection on all grounds not specified. (*People v. Brengettsy* (1962), 25 Ill. 2d 228, 184 N.E.2d 849, *cert. denied* (1963), 372 U.S. 948, 9 L. Ed. 2d 973, 83 S. Ct. 945.) We therefore consider that any objection to

the testimony regarding Little's pointing as being hearsay to have been waived, and we will not consider a hearsay objection raised for the first time on appeal.

The decision of the trial court is accordingly affirmed.

Affirmed.

SEIDENFELD and RECHENMACHER, JJ., concur.