THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES L. McMILLAN, Defendant-Appellant.

Second District No. 79-184

Opinion filed July 3, 1980.

A. E. Botti and John N. Pieper, both of Law Offices of A. E. Botti, of Wheaton, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert L. Thompson, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

Defendant, James McMillan, was found guilty in a jury trial of indecent liberties with a child and was sentenced to three years' periodic imprisonment. The offense involved events alleged to have occurred between defendant and his 13-year-old daughter on April 4, 1978. Defendant was also charged with indecent liberties based on allegations of acts with his 15-year-old daughter. On defendant's motion, the trials were severed. The relevant facts are included in the discussion of each of the points raised by defendant on appeal.

Defendant's first contention is that he was prejudiced when the court admitted evidence of prior similar occurrences with his 15-year-old daughter. After he was arrested, defendant made two statements to the police, one of which was tape recorded. In the statements he referred to the incident charged in the present cause, which involved the 13-year-old; the statements also dealt at great length with various incidents involving the 15-year-old daughter. Police testified as to the statements, including the incidents with the 15-year-old. The tape recording was played in its entirety, the jurors being supplied with transcripts to aid their listening, and the tape included statements about acts with the 15-year-old daughter.

Defendant contends first that it was error to allow statements regarding the 15-year-old daughter into evidence. We must first consider the State's contention that when a defendant makes a statement, the entire statement is admissible, even if it includes references to other crimes. The State bases its position on *People v. Rejno* (1948), 402 Ill. 84, 83 N.E.2d 327, and *People v. Hurry* (1943), 385 Ill. 486, 52 N.E.2d 173. We need not present a detailed analysis of these cases, because it is clear that to the degree that such a rule was once the law, it has since been superseded by more recent cases holding that when evidence of other crimes is part of an otherwise competent statement or confession, it must be deleted before presentation to the jury, unless to do so would severely impair the evidentiary value of the confession. *People v. Oden* (1960), 20 Ill. 2d 470, 170 N.E.2d 582; *People v. Donaldson* (1956), 8 Ill. 2d 510, 134 N.E.2d 776.

■■ The next argument presented in regard to this issue is whether the portions of the tape regarding other offenses could have been excised without severely impairing the evidentiary value of the statement. Having listened to the tape, we are convinced that much if not all of the improper material could clearly have been removed in a retaping, subject to the court's supervision and approval, and the relevant parts would be basically unaffected. Even if a retaping could not be done or would otherwise be impractical, a transcript with the offending passages excised could easily have been prepared, and the resulting prejudice to defendant would not have occurred.

■■ The next aspect of this issue which must be considered is whether, as the State contends, the evidence of the other acts was probative of defendant's intent. A case on point is *People v. Rogers* (1926), 324 Ill. 224, 154 N.E. 909. In that case, defendant was tried for indecent liberties, and the State produced the testimony of 12 other children regarding acts by the defendant with each of them which occurred at times and places other than the offense charged. After noting the general rule prohibiting evidence of other crimes, and the exceptions thereto, the *Rogers* court stated:

> "While proof of acts of indecent liberties with the prosecutrix both before and after the one charged in the indictment would be competent [citation], we are unable to see how the testimony concerning indecent liberties with twelve other girls at other times and places can be brought within the exceptions to the rule. Proof of separate and distinct acts of indecent liberties with other children at other times and places would not tend to show guilty knowledge or intent in the act charged. Such was shown by the act itself. It was not necessary, therefore, to prove similar offenses with other children to show guilty knowledge or intent or to show that the act charged was not an accident or mistake." (324 Ill. 224, 233, 154 N.E. 909, 912.)

In light of *Rogers,* it cannot be said that evidence of acts with the 15-year-old daughter were admissible to show defendant's intent regarding the crime charged against the 13-year-old daughter. (See also *People v. Daugherty* (1969), 43 Ill. 2d 251, 253 N.E.2d 389; *People v. Smith* (1965), 55 Ill. App. 2d 480, 204 N.E.2d 577.) Considering the nature of the other evidence and its prejudicial effect, it cannot be said that the evidence was so overwhelming as to make this a harmless error. For these reasons, a new trial must be granted.

■■ The second issue raised by defendant is that it was error to admit evidence of prior sexual acts between defendant and the 13-year-old daughter. As indicated above, such evidence may be admitted as to the same victim when intent is an issue. Although one of the incidents testified to occurred some 10 years prior to the offense charged, the gap of time does not make the testimony inadmissible, but rather only affects the weight of the evidence.

■■ Defendant's third contention is that he was prejudiced by remarks in the State's closing argument. Two remarks related to how the act would adversely affect the feelings and emotions of the victim in the future. Considering the nature of the offense, this is a reasonable inference. (See *People v. Henson* (1978), 58 Ill. App. 3d 42, 373 N.E.2d 852.) The other comment was a plea for the jury not to "sacrifice the life and safety of the child on the holy altar of security." In neither its brief nor oral argument

has the State provided this court with any information as to what is meant by the "holy altar of security." However, we do not believe that the jury was so unsophisticated as to have images of human sacrifice conjured before it; rather, it is more readily inferable from the nature of the crime that the "life and safety" reference relates to the emotional, moral and psychological safety and future life of the victim and is therefore admissible.

The State additionally made references in closing argument to factors and incidents involving "your children." While defense counsel interposed an objection immediately after the first of these references, the objection was based on the immediately preceding comment in regard to the "life and safety" comment discussed above, and the general rule is that an objection stated on specific grounds will waive any objection which could have been based on other grounds. (*People v. Burke* (1979), 71 Ill. App. 3d 242, 389 N.E.2d 265.) However, we believe that it is important for the future guidance of both bench and bar to note that such subjective statements appealing to the passions and prejudices of the jury are improper (*People v. Davis* (1970), 46 Ill. 2d 554, 264 N.E.2d 140; *People v. Blackman* (1976), 44 Ill. App. 3d 137, 358 N.E.2d 50), and we condemn such references.

■■ Fourthly, defendant contends that he was not proved guilty beyond a reasonable doubt. To convict in an indecent liberties case, the complainant's testimony must be clear and convincing or be corroborated. (*People v. Taylor* (1978), 64 Ill. App. 3d 279, 381 N.E.2d 303.) In the present cause, the victim's testimony was sufficiently straightforward that a jury could have found it clear and convincing. Although she delayed in reporting defendant's acts, she stated that she did so because she was embarrassed and afraid of what other people would say or do. Such factors arise naturally in this type of incident and operate to excuse a delay in reporting the incident. (*People v. Fritz* (1979), 77 Ill. App. 3d 1, 395 N.E.2d 736; *People v. Padfield* (1974), 16 Ill. App. 3d 1011, 307 N.E.2d 183.) Additionally, the victim's testimony is, at least in part, corroborated by defendant's statements to police.

Defendant's fifth contention is that it was error to give the State's instruction No. 9, a modification of Illinois Pattern Instruction, Criminal, No. 3.14 (1968). He urges that it was improper because it did not limit the consideration of prior similar acts to those with the 13-year-old daughter and because it allowed consideration of the evidence to show defendant's intent. We need not comment expressly on this contention, except to note that on remand for a new trial, evidence regarding prior acts with other victims must be excluded, that the jury may consider other acts with this victim as showing defendant's intent and that the instructions should reflect this presentation of the evidence.

■■ Defendant's sixth contention is that the trial court erred by allowing the State to impeach defendant's wife, who testified in his behalf, by use of a criminal complaint she signed against defendant. The complaint was used only to show a prior inconsistent statement; it was not presented to the jury in its entirety; and two limiting instructions were given regarding its use. This court has allowed such use of a prior inconsistent statement before but for the purpose of impeachment. *People v. Kelly* (1974), 22 Ill. App. 3d 908, 317 N.E.2d 282.

■■ Finally, defendant contends that the trial court erred in denying his motion for a bill of particulars. Such a motion is directed to the sound discretion of the trial court. (*People v. Bain* (1935), 359 Ill. 455, 195 N.E. 42.) Here, defendant asked for the exact date, time, and place of the offense, the exact age of defendant at that time, and the exact age of his daughter at the time of the offense. Defendant's age and his daughter's age are facts within his own knowledge; the indictment charged defendant with a lewd fondling of his 13-year-old daughter at about 6:30 p.m. on April 4, 1978; defendant had been given a copy of a police report relating that the incident on April 4 occurred in the kitchen of the family home and briefly described the incident. Under these facts, the court did not abuse its discretion in denying the motion for a bill of particulars as to these points.

The verdict and judgment are accordingly reversed and the cause is remanded for a new trial.

Reversed and remanded.

LINDBERG and NASH, JJ., concur.