THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee and Cross-Appellant, *v.* FRANK TORRES, Defendant-Appellant.

Second District   Nos. 79-812, 80-38 cons.

Opinion filed February 18, 1981.

Howard A. London, Miles N. Beermann, and Lyle B. Haskin, all of Beermann, Swerdlove, Woloshin & Barezky, of Chicago, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Robert J. Anderson and Robert L. Thompson, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE LINDBERG delivered the opinion of the court:

Defendant, Frank Torres, was found guilty by a jury in Du Page County of indecent liberties with a child (Ill. Rev. Stat. 1977, ch. 38, par. 11—4) and of attempted indecent liberties (Ill. Rev. Stat. 1977, ch. 38, par. 8—4) arising out of separate acts. Concurrent sentences of six years for the substantive offense and three years for the inchoate offense were entered and defendant appeals. The State cross-appeals the trial court's dismissal of pending counts of the indictment.

Defendant, Frank Torres, was arrested on March 1, 1979, on the basis of complaints which alleged that defendant had committed the offenses of indecent liberties against two boys. When the defendant was taken into custody, he asked what the charges were and was told by the arresting officers that that would be discussed later. After receiving his constitutional rights, defendant made some damaging admissions. The police then informed him of the complaints outstanding. A preliminary hearing was set for March 9, 1979, but an indictment which contained 27 counts and alleged that defendant took indecent liberties with 10 boys was returned against defendant on March 8, and no preliminary hearing was held. Another indictment was filed on March 29, 1979, charging defendant with indecent liberties against 2 more boys.

Defendant filed a motion to dismiss the indictments on the ground that no preliminary hearing was held. The motion was denied on April 20, 1979. The trial court severed the indictments and separate trials were ordered as to each alleged victim. The conviction which defendant now appeals was based upon an alleged act of indecent liberties and an attempt committed against D.C. on another occasion. The trial court denied as untimely a motion made for the first time at trial to suppress defendant's damaging admissions. Defendant also made a motion *in limine* to prevent the State from introducing evidence of acts of indecent liberties with other boys. The court reversed ruling on the motion but later denied it.

At trial, the State presented, among others, the complaining witness D.C., the arresting officers, and two other victims, J.R. (who also testified to being present though not an eye-witness on one of the occasions in

which D.C. was allegedly molested) and D.E. The jury returned verdicts of guilty on both the charges of indecent liberties and attempt. At the sentencing hearing the State introduced the testimony of six boys who described lewd acts by defendant which were the subject of pending indictments. Concurrent sentences of 6 years for indecent liberties and 3 years for attempt were entered and the trial court dismissed all other indictments. Defendant appeals the denial of his motion to dismiss and to exclude evidence. Defendant also questions the sufficiency of the evidence and the sentences imposed. The State cross-appeals the dismissal of the pending indictments.

I.

■■■ Defendant asks this court to hold that article 1, section 7 of the 1970 Constitution was violated by the failure of the State to provide him a preliminary hearing, though a grand jury indictment was returned on March 8, 1979, one week after he was charged by complaint. Although his argument finds some support among the commentators (see, *e.g.*, Comment, *The Illinois Grand Jury Indictment: A Denial of Due Process*, 12 J. Mar. J. Prac. & Proc. 319, 330 (1979)), it contravenes existing case law. A defendant is not entitled to a preliminary hearing as such but rather to a probable cause determination. (*People v. Arbogast* (1976), 41 Ill. App. 3d 187, 191, 353 N.E.2d 434, 438.) The probable cause determination can be by indictment by grand jury as well as by a judge in a preliminary hearing. (*People v. Eisele* (1979), 77 Ill. App. 3d 766, 768, 396 N.E.2d 662, 664.) Once a defendant is properly indicted, there is no necessity for a preliminary hearing to establish probable cause. (*People v. Franklin* (1979), 80 Ill. App. 3d 128, 131, 398 N.E.2d 1071, 1073.) For these reasons, we affirm the trial court's denial of defendant's motion to dismiss the indictment.

II.

■■ Defendant made a motion *in limine* during the trial to prevent the admission into evidence of statements made by him during a post-arrest interrogation. The motion was denied. He argues that the alleged waiver of his *Miranda* rights was invalid because he had not been informed of the nature of the charges against him at the time he made the statements. The State contends that defendant waived his objection by failing to comply with section 114—11 of the Code of Criminal Procedure (Ill. Rev. Stat. 1979, ch. 38, par. 114—11(g)), which requires that a motion to suppress a confession be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion.

The statements were recorded in a police report which was tendered

to defendant before trial as part of discovery. But defendant argues that the wording of the report was ambiguous and therefore defense counsel was not aware of grounds prior to trial upon which he could base a motion to suppress. The police report stated:

> "R/I [the investigating officer] asked Mr. Torres if he recalled having taken J.R. to a football practice with D.C., and then allowing D.C. to play his electronic football game.
>
> Mr. Torres said that he recalled the incident and that he had been wrestling in the van, and that during the wrestling he may have touched the area of D.'s penis.
>
> Then Mr. Torres said that his daughter was in and out of the van, and that he also drove J.R.'s sister and his son to the same practice.
>
> R/I then explained the allegations made by D.C. Mr. Torres then said the wrestling—during the wrestling, there is a chance that those things may have happened."

Defense counsel claims that the statement "R/I then explained the allegations made by D.C." was insufficient to apprise him of the fact that the police had theretofore refused to inform the defendant of the nature of the charges against him.

*Jackson v. Denno* (1964), 378 U.S. 368, 12 L. Ed. 2d 908, 84 S. Ct. 1774, held that a defendant objecting to the admissibility of his confession was entitled to a hearing. *Jackson* struck down a New York statute which left the issue of voluntariness of a confession to the jury. *People v. Placek* (1975), 25 Ill. App. 3d 945, 323 N.E.2d 410, held that section 114—11 conforms to the due process requirements set forth in *Jackson*. Therefore the mandate of section 114—11(g) that the motion be made before trial must be obeyed unless fundamental fairness requires otherwise, such as where the defense did not have adequate notice of the grounds for such a motion. (*Cf. People v. Foster* (1979), 76 Ill. 2d 365, 382, 392 N.E.2d 6, 13 (affirmed denial of motion to suppress the fruits of an illegal search made during trial).) *People v. Young* (1978), 60 Ill. App. 3d 49, 376 N.E.2d 712, found that either the defendant or her counsel must have been aware of the grounds for a motion to suppress evidence seized at 9:45 p.m. pursuant to a warrant which noted that it had been issued at 9:50 p.m. on the same date. Here, as in *Young*, the defendant or his counsel must have been aware of possible grounds for a motion to suppress by way of even the most superficial investigation of the facts of the case. Additionally, the police report should have alerted defendant's counsel if his own consultations with his client did not. Since defendant failed to comply with the requirements of section 114—11(g), we find that the trial court was correct in denying the motion as untimely.

### III.

The defendant contends that the trial court erred in admitting the testimony of two boys other than the complaining witness that defendant had taken indecent liberties with them. The State's position is that prior acts with other children is admissible because the defendant essentially admitted the requisite physical contact with the complaining witness but placed an innocent construction on the contact in his post-arrest statement to police. That statement was introduced as part of the State's case in chief, and the State argues that the defendant's innocent construction of his acts "distinctly put in issue" his intent during the contact.

During interrogation by the police, defendant stated "that during [a wrestling match with the victim] he may have touched the area of D.C.'s penis."

> "As a general rule, evidence of crimes other than those for which the defendant is on trial is inadmissible unless the evidence is relevant to establish the defendant's intent, motive, identity, absence of mistake, or *modus operandi. (People v. Romero* (1977), 66 Ill. 2d 325, 5 Ill. Dec. 817, 362 N.E.2d 288.) In addition, on appeal, reviewing courts will sustain the trial court's determination as to the proper balance between the probative value of evidence of other crimes weighed against its prejudicial effect, unless the trial court has abused its sound judicial discretion." *(People v. Remsen* (1978), 60 Ill. App. 3d 266, 270, 376 N.E.2d 726, 729.)

*People v. Rogers* (1926), 324 Ill. 224, 233, 154 N.E. 909, 912, is frequently cited. That case held:

> "Proof of separate and distinct acts of indecent liberties with other children at other times and places would not tend to show guilty knowledge or intent in the act charged. Such was shown by the act itself. It was not necessary therefore, to prove similar offenses with other children to show guilty knowledge or intent or to show that the act charged was not an accident or mistake."

*People v. Pazell* (1948), 399 Ill. 462, 78 N.E.2d 212, appeared to create a broad exclusionary rule in this area. The *Pazell* court criticized the prosecution's tactic of cross-examining the defendant as to whether little girls other than the victim had ever been in his house and then offering rebuttal testimony to impeach his negative reply. The court said:

> "We have frequently held that, in a prosecution for taking indecent liberties with a child, it is improper and prejudicial to introduce evidence showing the defendant had been guilty of similar practices upon other girls. * * * *People v. Rogers*, 324 Ill. 224, 154 N.E. 909. Evidence of such other acts is not competent to prove intent in the actual offense charged and can only create prejudice in the

minds of the jury against the defendant." *Pazell*, 399 Ill. 462, 469, 78 N.E.2d 212, 215.

But, while other cases have found error in the admission of testimony to the acts by the accused sex offender (*e.g., People v. Armstrong* (1961), 22 Ill. 2d 420, 176 N.E.2d 755 (improper to admit evidence of other acts for purpose of impeaching defense witness); *People v. Greeley* (1958), 14 Ill. 2d 428, 152 N.E.2d 825 (reversed conviction where prosecution rebutted character witnesses for defendant with testimony of the victims)), at least one case held that such evidence was proper under the circumstances. *People v. Daugherty* (1969), 43 Ill. 2d 251, 253, 253 N.E.2d 389, 390, approved the admission of rebuttal testimony of the victim's brothers to other acts of questionable propriety, but not of indecent liberties, committed by the accused. In *Daugherty*, the defendant testified in his own defense that he had treated the victim's family "with the best of respect" and "as if they were [his] own children."

■■ The case at bar does not closely conform to the facts of *Daugherty*: here the "rebuttal" testimony of the two boys was admitted during the prosecution's case-in-chief; and the "defense" which it purported to rebut was introduced by the prosecution's own witness. Our opinion might be different if the defendant, himself, had testified to this innocent construction of the act. Because he did not, we believe the case is like any other in which the prosecution seeks to admit highly prejudicial evidence of other acts of indecent liberties. (See *People v. McMillan* (1980), 86 Ill. App. 3d 208, 407 N.E.2d 207.) We refuse to extend *Daugherty* to this case and believe that the trial court abused its discretion in admitting the testimony of other acts. In this case we note that the prosecution made several references to the testimony at issue in his closing argument, *e.g.*, "when is the nightmare ever going to end for *these boys*?" (Emphasis added.) Looking at the entire record, we cannot say that the error was not prejudicial and therefore we must reverse the conviction. *McMillan*.

### IV.

Because defendant raises a reasonable doubt argument, we find it necessary to examine the sufficiency of the evidence in support of the jury's verdict. *People v. Taylor* (1979), 76 Ill. 2d 289, 391 N.E.2d 366.

This court recently reiterated the standard of evidence required to sustain a conviction for indecent liberties:

> "It is a well established rule that where the conviction for taking indecent liberties is based upon the testimony of a child, to be sustained the evidence must be substantially corroborated or be otherwise clear and convincing. *People v. Morgan* (1977), 69 Ill. 2d 200, 206, 13 Ill. Dec. 36, 39, 370 N.E.2d 1063, 1066; *People v. Williams* (1953), 414 Ill. 414, 111 N.E.2d 343."

*People v. Higgins* (1979), 71 Ill. App. 3d 683, 686, 388 N.E.2d 1339, 1342 (held insufficient evidence to convict).

In the case at bar, the complaining witness, D.C., testified that he was molested by the defendant twice on the same day in September 1978 at Madison Meadows Park, once in December 1978 at the Viking Trophy Shop, and that an attempt to molest him was made by defendant on either February 15 or 16, 1979, at the Helen Plum Library. Cross-examination brought out that D.C. had been confused about the number of persons who accompanied him and defendant to the Madison Meadows Park.

We find the discrepancies in D.C.'s testimony both understandable and trivial. He stood firm throughout a long cross-examination on the question of the alleged acts. Several children were present on one occasion and though he did incorrectly enumerate them to the police, his testimony as to who was there given at trial was unshaken and corroborated both by defendant's admissions and by J.R. In any event, minor discrepancies affect the weight of the testimony and not its credibility. *People v. Krison* (1978), 63 Ill. App. 3d 531, 535, 380 N.E.2d 449, 452.

Moreover, defendant made admissions to the police which constitute the best source of corroboration for D.C.'s testimony. Defendant told the arresting officers, "I want to tell you the truth but I am afraid of what they would do to me." In *People v. Halteman* (1956), 10 Ill. 2d 74, 79, 139 N.E.2d 286, 290, the defendant raised a reasonable argument to which the court responded:

> "This statement made by defendant to Mrs. Petrie, in the presence of Mrs. Sepper, after Mrs. Petrie had accused him of mistreating her daughter, tends to indicate that defendant was guilty of some wrongdoing, *People v. Mueller*, 2 Ill. 2d 311, 118 N.E.2d 1, and is corroboration of the highest quality and from a most reliable source."

Defendant's statement constitutes the same type of admissions found probative in *Halteman*. In conclusion, we find the testimony of D.C. both clear and convincing and corroborated, and see no double jeopardy problem in remanding the case for a new trial. *Taylor*.

## V.

At the sentencing hearing, the court heard testimony by other alleged victims of defendant to lewd acts which were the subject of pending indictments. This evidence was admitted by the court for sentencing purposes with the understanding that the pending indictments would thereafter be nol-prossed by the State. Accordingly, after sentencing, but over the State's objection, the indictments were dismissed. The trial court stated:

"It was my ruling prior to the sentencing hearing that if the State were to introduce evidence of these other alleged offenses at the time of the sentencing hearing, that I would consider that to be res judicata and/or collateral estoppel and/or jeopardy would attach.

The State saw fit to introduce that testimony and I will be consistent in my ruling."

The dismissal of the other indictments was predicated on the imposition of the sentence in this case. Without expressing an opinion on whether such dismissal was required, inasmuch as we are reversing and remanding this case for retrial, thereby vacating the sentence, we must also vacate the order of the trial court dismissing the indictments.

Reversed and remanded.

SEIDENFELD, P. J., and NASH, J., concur.