THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD ESTERLINE, Defendant-Appellant.

First District (1st Division)    No. 86—0318

Opinion filed August 3, 1987.

Paul C. Gridelli, of Oak Park, and Ronald A. Bredemann, of Park Ridge, for appellant.

Richard M. Daley, State's Attorney, of Chicago (Thomas V. Gainer, Jr., Rimas F. Cernius, and Mary C. Morris, Assistant State's Attorneys, of counsel), for the People.

JUSTICE O'CONNOR delivered the opinion of the court:

Following a jury trial, defendant, Richard Esterline, was found guilty of the offense of indecent liberties with a child (Ill. Rev. Stat. 1983, ch. 38, par. 11—4) and was sentenced to 12 years' imprisonment.

On appeal, defendant contends that the evidence was insufficient to sustain the conviction, and that the trial court committed the following errors: (1) it admitted into evidence other alleged acts of indecent liberties with other children; (2) it allowed the State to amend the indictment the day before jury selection and denied defendant's motion for a continuance; and (3) it refused to instruct the jury on lesser included offenses. For the reasons that follow, we reverse and remand for further proceedings.

At the time of the offense in May of 1984, the complainant, A.L., who was seven years old, lived in Streamwood with her parents, her brother, M.L., 13 years old, and her sister, E.L., 11 years old. Defendant, who lived one house away from A.L., was 47 years old and lived with his wife and two sons, ages 15 and 18.

At trial, A.L. testified that on May 24, 1984, she went over to defendant's house after school at around 4 p.m. to play with his computer in his den. She alleged that defendant showed her a *Hustler*

magazine while she was sitting on a stool in his den. He then squatted, pulled down his pants and placed his penis on the magazine, which was opened up to a certain page. He asked her if she wanted to fuck and have babies, to which she replied, "No." Defendant then began rubbing A.L.'s left thigh.

A.L. further testified that prior to the above incident, on other occasions defendant had shown her pictures similar to those in *Hustler*, had exposed himself to her and had touched her thigh about four or five times.

In addition, A.L. testified that on Saturday, May 26, 1984, two days after the incident in defendant's den, she went over to defendant's house with two friends who were brothers and were approximately ages 6 and 8. Defendant was in his garage, which was open. When A.L. asked defendant for the magazine she had seen previously, defendant gave her the *Hustler* magazine from two days earlier. The three children went back to A.L.'s house and the brothers looked through the magazine, which A.L. subsequently gave to her brother.

Defendant testified that one day in May 1984, A.L. came into his garage holding a *Hustler* magazine which had been on a bookshelf in his garage. A.L. said that she wanted it for her brother, but defendant took it away from her. Two days later, the same thing occurred. A.L. returned a third time, took the magazine and ran out of the garage with it. Defendant told her, "All right, but don't let your mother see it or I'll be in trouble."

M.L., A.L.'s brother, testified that sometime in May of 1984, A.L. gave him a *Hustler* magazine which he looked through and took with him to his grandparents' house in Chicago. He stayed with his grandparents for about one week to 10 days. When M.L. returned home he spoke to his parents about the magazine. They spoke to A.L. and the following day, notified the police.

M.L. also testified about sexual encounters he had with defendant beginning when M.L. was six years old and continuing until he was 12 or 13. In addition, three other neighborhood children, one of whom was A.L.'s sister, testified about similar experiences that they had with defendant over the years. Before trial, the court denied defendant's motions *in limine* to prevent those children from testifying as to those other acts. The court also denied defendant's renewed motions before each child testified.

On June 16, 1984, defendant was charged by a complaint with the misdemeanor of contributing to the sexual delinquency of a child for his alleged lewd fondling of A.L. on May 21, 1984. Defendant was arrested on June 19, 1984, at his home pursuant to the complaint. In a

post-arrest statement to the police, defendant stated that A.L. must have misunderstood or mistaken his intentions.

On March 27, 1985, the misdemeanor charge was nol-prossed and a felony complaint was filed charging indecent liberties with a child. The felony charge was based on the same allegations as the misdemeanor charge.

On May 28, 1985, a misdemeanor complaint was filed charging distribution of harmful material to a child. It alleged that defendant gave A.L. a *Hustler* magazine on May 1, 1984.

On June 13, 1985, the indecent liberties complaint was superseded by an information, alleging the same facts as the complaint.

On January 13, 1986, the day before jury selection, the State amended the information and changed the date of the alleged lewd fondling from May 21, 1984, to May 24, 1984. The State also amended the misdemeanor complaint, changing the date from May 1, 1984, to May 26, 1984. The court then struck the distribution of harmful material charge, with leave to reinstate.

On the same date, defendant objected to the amendments and moved for a continuance, claiming surprise and that he needed additional time to prepare. The court denied defendant's motion. Jury selection began the following day, on January 14, 1986.

Defendant contends that the trial court improperly allowed into evidence other alleged acts of indecent liberties between defendant and other children. We agree.

■ In indecent liberties cases, the general rule is that evidence of other acts of indecent liberties with children other than the complainant is not admissible as proof of the crime charged. (*E.g., People v. Daugherty* (1969), 43 Ill. 2d 251, 254, 253 N.E.2d 389; *People v. Rogers* (1926), 324 Ill. 224, 229, 154 N.E. 909; *People v. Torres* (1981), 93 Ill. App. 3d 718, 722, 417 N.E.2d 728.) Such evidence, however, is admissible if it is relevant for any purpose other than propensity, including but not limited to showing intent, motive, identity, absence of mistake, knowledge, common design, scheme or plan, or *modus operandi.* *People v. Partin* (1987), 156 Ill. App. 3d 365, 369-70 (Pincham, J., dissenting); *People v. Torres* (1981) 93 Ill. App. 3d 718, 722, 417 N.E.2d 728; see also *People v. Kimbrough* (1985), 138 Ill. App. 3d 481, 484-85, 485 N.E.2d 1292, *appeal denied* (1986), 111 Ill. 2d 575, 488 N.E.2d 272 (and cases cited therein).

■ On the other hand, evidence of other acts with the complainant are admissible in indecent liberties cases to show a relationship and familiarity of the parties and to corroborate the complaining witness' testimony concerning the crime charged. *E.g., People v. Bradley*

(1984), 128 Ill. App. 3d 372, 381, 470 N.E.2d 1121, *appeal denied* (1985), 101 Ill. 2d 590; *People v. Cleveland* (1980), 83 Ill. App. 3d 675, 682, 404 N.E.2d 876.

■ In the case at bar, the State argues that the evidence of other offenses was properly admitted for the purpose of showing defendant's intent. The State maintains that defendant put his intent at issue by his post-arrest statement in which he admitted being with A.L. and touching her on the date in question, but contended that she must have misunderstood his intentions. Furthermore, the State asserts that defendant was not harmed because the court gave the jury a limiting instruction concerning that evidence. We disagree.

In *People v. Torres* (1981), 93 Ill. App. 3d 718, 417 N.E.2d 728, the State asserted a similar argument: that prior acts with other children were admissible because the defendant essentially had admitted that he had touched the complainant, but in his post-arrest statement he placed an innocent construction on the contact. The court there found, as we now find, that " '[e]vidence of such other acts is not competent to prove intent in the actual offense charged and can only create prejudice in the minds of the jury against the defendant.' " 93 Ill. App. 3d 718, 722-23, 417 N.E.2d 728, quoting *People v. Pazell* (1948), 399 Ill. 462, 469, 78 N.E.2d 212, 215.

Moreover, our supreme court has specifically determined that:

"Proof of separate and distinct acts of indecent liberties with other children at other times and places would not tend to show guilty knowledge or intent in the act charged. Such was shown by the act itself. It was not necessary, therefore, to prove similar offenses with other children to show guilty knowledge or intent or to show that the act charged was not an accident or mistake." *People v. Rogers* (1926), 324 Ill. 224, 233, 154 N.E. 909.

■ The State further argues that the evidence of other offenses was admissible to show *modus operandi*. We disagree. At trial, the evidence was admitted only for the purpose of showing defendant's intent. Although the trial court initially stated, in the jury's absence, that it would admit the evidence on both *modus operandi* and intent, the jury was instructed that it was admitted "solely on the issue of the defendant's intent." In addition, in its closing argument, the State told the jury that the only reason the evidence was presented to them was to show defendant's intent.

Furthermore, the other acts evidence in the instant case simply fails to show *modus operandi*. Under this exception, "when both crimes share peculiar and distinctive common features so as to ear-

mark both crimes as the handiwork of the defendant," the inference is created "that if defendant committed one of the acts, he may have committed the other act." (*People v. Kimbrough* (1985), 138 Ill. App. 3d 481, 486-87, 485 N.E.2d 1292, *appeal denied* (1986), 111 Ill. 2d 575, 488 N.E.2d 272.) However, this exception fails when the crime charged and the other offenses share only some common features or marks of similarity because then the other acts merely show that the defendant has a propensity for the crime charged. 138 Ill. App. 3d 481, 484, 486, 485 N.E.2d 1292.

In the present case, we find that any similarities between the crime charged and the other acts were outweighed by the differences, so that *modus operandi* has not been demonstrated. The only similarities between the offenses are that some of the other actions occurred in defendant's den, some of them involved pornographic magazines, and all of the children and defendant lived on the same block. The differences, however, are numerous. While the instant crime involved defendant exposing himself, using lewd language and touching A.L.'s thigh over her pants, the other acts involved the following: defendant explained the pictures in a pornographic magazine to a child; defendant performed fellatio on a child and had that child perform the same on him; defendant performed oral sex on a female child; while defendant was in his son's room with a child, defendant left the room and returned with his pants off and ordered the child to rub his penis; defendant masturbated in front of a child; defendant exposed himself to a child through his shorts; and defendant masturbated through a centerfold of a pornographic magazine. Some of those acts occurred in defendant's den, some in his garage and some in his son's room. In addition, most of the State's case in chief consisted of the testimony of the other children. A.L.'s direct and redirect examination covered only 19 pages of the trial transcript, whereas the other children's testimony covered 76 pages.

We find that the other offenses and the crime charged in the present case do not share peculiar and distinctive common features so as to earmark the crimes as the handiwork of defendant. On the contrary, the other offenses merely showed that defendant has a propensity for taking indecent liberties with children. Therefore, because *modus operandi* has not been established, this case is distinguishable from those cases where other crimes with other children were held to be admissible on *modus operandi*. See, *e.g.*, *People v. Partin* (1987), 156 Ill. App. 3d 365, 375-76 (Pincham, J., dissenting); *People v. Bullock* (1987), 154 Ill. App. 3d 266, 507 N.E.2d 44; *People v. Kimbrough* (1985), 138 Ill. App. 3d 481, 485 N.E.2d 1292, *appeal denied* (1986),

111 Ill. 2d 575, 488 N.E.2d 272.

█ The prejudice to defendant by admitting into evidence the other acts with other children far outweighed any possible probative value it may have had. The evidence of those other offenses was so inflammatory that no reasonable juror could have been prevented from being influenced by it in reaching his or her decision to convict defendant, even in light of the court's limiting instruction.

█ We find for purpose of double jeopardy that all the other evidence would have been sufficient to prove defendant's guilt beyond a reasonable doubt, but reverse and remand for a new trial because of the erroneous admission of the evidence of other offenses with other children. See *People v. Taylor* (1979), 76 Ill. 2d 289, 309, 391 N.E.2d 366.

█ The only other issue we need address is the trial court's failure to instruct the jury on lesser included offenses, because this issue may arise upon retrial. A lesser included offense "[i]s established by proof of the same or less than all of the facts or a less culpable mental state (or both), than that which is required to establish the commission of the offense charged." (Ill. Rev. Stat. 1985, ch. 38, par. 2—9.) A lesser offense does not have any element that is not included in the greater one. *People v. Thomas* (1986), 145 Ill. App. 3d 1, 11, 495 N.E.2d 639, *appeal denied* (1986), 113 Ill. 2d 568.

█ Defendant argues that the court should have given a battery instruction. We disagree. Battery is not a lesser included offense of indecent liberties because battery requires a provoking or insulting touching (Ill. Rev. Stat. 1985, ch. 38, par. 12—3), whereas indecent liberties requires a lewd fondling (Ill. Rev. Stat. 1983, ch. 38, par. 11—4). The proof of each touching is qualitatively different. *People v. Smith* (1978), 64 Ill. App. 3d 1045, 1050, 382 N.E.2d 298.

█ In addition, contrary to defendant's assertion, he was not entitled to an instruction on indecent solicitation of a child. Indecent solicitation also is not a lesser included offense of indecent liberties. It requires a solicitation (Ill. Rev. Stat. 1983, ch. 38, par. 11—6), while indecent liberties does not (Ill. Rev. Stat. 1983, ch. 38, par. 11—4).

█ Finally, defendant argues that the court should have given an instruction on contributing to the sexual delinquency of a child. (Ill. Rev. Stat. 1983, ch. 38, par. 11—5.) We disagree. A defendant is not entitled to an instruction on contributing to the sexual delinquency of a child where indecent liberties is charged. The two instructions would be practically identical because the two sections under the statute (Ill. Rev. Stat. 1983, ch. 38, pars. 11—4, 11—5) prohibit virtually identical conduct. Furthermore, where no issue is raised as to the age

172

differentials, nor are any affirmative defenses raised as to indecent liberties, a defendant is not entitled to both instructions. Moreover, when a defendant is prosecuted for conduct which is a misdemeanor under one statute (contributing to the sexual delinquency of a child) and a felony under another (indecent liberties), the prosecutor, in his discretion, may decide which one to charge. For the court to give an instruction on both offenses would thus negate the prosecutor's discretion. *People v. White* (1980), 86 Ill. App. 3d 19, 26-27, 407 N.E.2d 572.

Accordingly, defendant's conviction for indecent liberties is reversed and remanded for a new trial.

Reversed and remanded.

QUINLAN, P.J., and BUCKLEY, J., concur.