THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LOUIS CARTER, Defendant-Appellant.

Fifth District    No. 80-275

Opinion filed July 20, 1981.

John H. Reid, of State Appellate Defender's Office, of Mt. Vernon, and Myron Hanna, law student, for appellant.

John Baricevic, State's Attorney, of Belleville (Martin N. Ashley and Raymond F. Buckley, Jr., both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE HARRISON delivered the opinion of the court:

Defendant-appellant, Louis Carter, was charged by indictment with the offense of indecent liberties with a child. (Ill. Rev. Stat. 1979, ch. 38, par. 11—4(a)(1).) Carter was tried before a jury which found him guilty of the charge and the court sentenced him to 10 years of imprisonment. Defendant appeals from his conviction and sentencing, raising four issues. First, Carter contends that he was not proved guilty beyond a reasonable doubt because the testimony on which his conviction was based was not corroborated, nor otherwise clear and convincing. Second, Carter claims that the admission into evidence of testimony alleging a collateral crime was error because such testimony went only to appellant's propensity to commit the crime charged. Third, appellant avers that admission of the testimony of the complaining witness, defendant's stepdaughter, concerning her pregnancy and subsequent Caesarian delivery, constituted plain and reversible error. Fourth, defendant challenges his 10-year sentence as excessive. We affirm the decision of the trial court.

The charge against the defendant was based on his commission of an act of sexual intercourse with his 11-year-old stepdaughter during the latter part of May, 1979. At the time of the alleged incident the defendant was 35 years old.

■■ Where a conviction for indecent liberties with a child is based on the victim's testimony, and the defendant denies the charge, the testimony of the victim must be either corroborated, or otherwise clear and convincing to prove the defendant guilty beyond a reasonable doubt. (*People v. Morgan* (1977), 69 Ill. 2d 200, 206, 370 N.E.2d 1063; *People v. Everhart* (1974), 22 Ill. App. 3d 727, 729, 318 N.E.2d 720.) Appellant urges reversal on the ground that the victim's testimony at trial did not meet either test. We disagree. The victim knew when her birthday was, knew what city and county she lived in, made straight B's in school, and accurately defined sexual intercourse without prompting or coaching. (See *People v. Taylor* (1978), 64 Ill. App. 3d 279, 281, 381 N.E.2d 303.) There is no allegation that the complaining witness is prone to concoct wild stories,

nor any other inference that she "imagined" the incident. (Compare *People v. Morgan* (1977), 69 Ill. 2d 200, 204.) Although some confusion in the victim's testimony was elicited by cross-examination, the inconsistencies in the record stem primarily from the inability of defense counsel at trial to maintain a clear chronology of the Carter family's changes in living arrangements. We conclude that the victim's testimony was clear and convincing. In addition, her testimony was also corroborated by the fact of her pregnancy, testimony of the defendant's natural daughter, and the testimony of Detective Deborah Guyton.

■■ Appellant next contends that allowing the testimony of his natural daughter, Cherry, denied him a fair trial since her testimony alleged a collateral crime and did not bear on anything other than appellant's propensity to commit the crime charged. Cherry testified that she engaged in several acts of sexual intercourse with the defendant. At trial, appellant failed to object to any of her testimony, hence he has waived any errors which result unless such errors fall within the ambit of the plain error rule. (*People v. Carlson* (1980), 79 Ill. 2d 564, 577, 404 N.E.2d 233.) The scope of protection afforded by the plain error doctrine is limited to a "trial error [which] is so prejudicial that real justice has been denied or the verdict of the jury may have resulted from such error." (*People v. Carlson* (1980), 79 Ill. 2d 564, 577.) Because of the testimony of Detective Guyton that appellant admitted intercourse with Brenda "once or twice," and Brenda's testimony, the evidence was not so "close" that the failure of the trial court to exclude Cherry's testimony was so prejudicial as to constitute plain error. *People v. Carlson* (1980), 79 Ill. 2d 564, 576.

■■■ Cherry's testimony was also independently admissible since it was relevant for some other purpose than to demonstrate the accused's propensity to commit an offense. (*People v. Baptist* (1979), 76 Ill. 2d 19, 27, 389 N.E.2d 1200.) Cherry's testimony was probative of the perpetrator's identity by demonstrating *modus operandi*. To qualify as evidence of *modus operandi*, the evidence must show that both crimes were " ' "so nearly identical in method as to earmark them as the handiwork of the accused" * * *.' " (*People v. Osborn* (1977), 53 Ill. App. 3d 312, 320, 368 N.E.2d 608.) A comparison of Brenda's testimony with that of Cherry satisfies the "identity of method" test. Both witnesses respectively testified that intercourse occurred on a regular basis with appellant; that the incidents began while the family was living on Gross Street; that the sexual activity would always occur in the morning before school; that the activity would always take place in a different room than the one in which the witnesses slept; and that in every instance the activity would take place in the witnesses' dwelling. This clearly satisfies the test for *modus operandi* and as such makes Cherry's testimony admissible, even though it

evidences a collateral crime. (See *People v. McDonald* (1975), 62 Ill. 2d 448, 455, 343 N.E.2d 489; *People v. Osborn* (1977), 53 Ill. App. 3d 312, 320-21.) Appellant's reliance on *People v. McMillan* is misplaced. (*People v. McMillan* (1980), 86 Ill. App. 3d 208, 407 N.E.2d 207.) *McMillan* is clearly distinguishable, since in that case the offending evidence of a collateral crime was not relevant for any purpose other than showing defendant's propensity to commit crime. As indicated above, this is not true in the case presently under consideration.

■■ Appellant also assails Cherry's testimony on the ground that its probative value was exceeded by its prejudicial effect. The determination of this issue is vested within the sound discretion of the trial court. The trial court instructed the jury that the evidence of other crimes was to be considered only for the limited purposes for which it was admitted, and not for appellant's propensity to commit crime. In view of the limiting instruction and the similarities between the incidents, the trial court did not abuse its discretion in admitting the testimony. *People v. Walters* (1979), 69 Ill. App. 3d 906, 918, 387 N.E.2d 1230.

■■ The testimony of Detective Guyton is challenged by appellant as "unnecessary and prejudicial." Appellant failed to object to her testimony at trial, and the issue is deemed waived on review. We also find that her testimony was not so prejudicial as to be within the plain error rule. (*People v. Carlson* (1980), 79 Ill. 2d 564, 577-78.) Guyton's testimony was, however, probative of appellant's credibility, since appellant denied the statements of both Brenda and Cherry. We again note the factual distinction, discussed above, between the instant case and the *McMillan* decision. (*People v. McMillan* (1980), 86 Ill. App. 3d 208.) Here, too the consideration of whether probative value exceeds prejudicial effect is within the discretion of the trial court. (*People v. Walters* (1979), 69 Ill. App. 3d 906, 918.) Because the trial court gave a jury instruction which informed the jury that they were to consider the evidence of other crimes only for the limited purposes for which it was admitted, and not for any inference that appellant had a propensity to commit crimes, there was no abuse of discretion.

■■ Appellant's next assertion of error is that the State's introduction of evidence that Brenda had become pregnant by her step-father, and that she had subsequently delivered by Caesarian section constitutes plain error on the part of the trial court. We disagree. The fact of the 12-year-old's pregnancy establishes that a crime was committed. Where the birth of a child is within a natural gestation period dating from the alleged act of intercourse with the accused, the fact of birth is probative of the fact of intercourse, the approximate date of the intercourse and, because she testified that the defendant was her only sexual partner, the identity of the

person with whom she had had intercourse. *People v. Findley* (1918), 286 Ill. 368, 372-73, 121 N.E. 608.

■■ The introduction of the Caesarian birth was not plain error. Plain error exists only where an alleged error, unobjected to at trial, is "so great that it would reasonably appear that the jurors had been influenced or prejudiced to the extent that they could not be fair or impartial." *(People v. Carlson* (1980), 79 Ill. 2d 564, 578.) This standard is measured by the strength or weakness of the evidence against the defendant; if the case is close, it may reasonably appear that an error swayed the jury's decision. But here, the defendant's case rests entirely on his own uncorroborated testimony which was directly refuted by three witnesses. This is not a case of closely balanced evidence, so we conclude that no harm was done to defendant by admitting the testimony.

■■ ■ Appellant's final contention is that his 10-year sentence of imprisonment for indecent liberties with a child is excessive. We observe initially that appellate review of sentencing is limited to whether the trial court abused its discretion. *(People v. Perruquet* (1977), 68 Ill. 2d 149, 154, 368 N.E.2d 882.) At the sentencing hearing the trial court clearly considered defendant's lack of prior criminal record as a mitigating circumstance. (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—3.1(a)(7).) The trial court also noted the length of time the illegal activity spanned, as well as the need to deter others. A term of 10 years is a permissible sentence for indecent liberties with a child, a Class 1 felony. The balancing of these factors is a matter left to the trial court. Accordingly, we find that the trial court committed no abuse of discretion in sentencing the defendant to 10 years in prison.

We affirm the judgment of the circuit court of St. Clair County.

Affirmed.

JONES and WELCH, JJ., concur.