GRIFFIN, Justice,
for the Court:
This case, concerning sexual battery, comes to the Court from the Circuit Court of the First Judicial District of Yalobusha County, which, upon conviction, sentenced George Allen Parks to eighteen years in prison. On petition for rehearing, we withdraw our previous decision and affirm.
On August 15, 1984, Parks arrived at the home of A.H., a six year old girl, who was under the supervision of S.H., her eleven year old brother, while their parents worked. Parks told S.H. that he was a doctor, sent to inquire about their immunizations. In fact, Parks was not a doctor, though during his visit he took A.H. into a bedroom, said to remove her clothes, and according to her testimony, “got his finger and went up in my private place.”
At trial, C.D., an eleven year old girl, testified that on the day prior to the crime, Parks, identifying himself as a doctor, had asked to examine her. C.D. refused. On appeal, Parks contends that C.D.’s testimony was inadmissible as evidence of another crime, thereby prejudicing the jury. We disagree.
*756 The record fails to indicate that Parks either engaged in or attempted to engage in any criminal conduct against C.D. Though reprehensible, his actions were not subject to criminal sanctions; hence C.D.’s testimony regarding her conversation with Parks was not evidence of another crime.
Yet, even if it were, C.D.’s testimony would be admissible in this instance. At trial, A.H. was unable to identify Parks as the “doctor;” therefore, C.D.’s testimony was necessary to identify Parks. Repeatedly, this Court has held that evidence of another crime is admissible in certain instances:
Proof of another crime is admissible where the offense charged and that offered to be proved are so connected as to constitute one transaction, where it is necessary to identify the defendant, where it is material to prove motive and there is an apparent relation or connection between the act proposed to be proved and that charged, where the accusation involves a series of criminal acts which must be proved to make out the offense, or where it is necessary to prove scienter or guilty knowledge, (emphasis added)
Gray v. State, 351 So.2d 1342, 1345 (Miss.1977). See also, Usry v. State, 498 So.2d 373, 375-6 (Miss.1986), Trunell v. State, 487 So.2d 820, 825 (Miss.1986), Griffin v. State, 482 So.2d 233 (Miss.1986), Tobias v. State, 472 So.2d 398, 400 (Miss.1985), Williams v. State, 463 So.2d 1078, 1079 (Miss.1985). Indeed, the Court has said, “This rule is recognized in Mississippi and in other jurisdictions, particularly in offenses of this nature, which are ... a type of sex offense.” Riley v. State, 254 Miss. 86, 96, 180 So.2d 321, 326 (1965). See also, People v. Carter, 98 Ill.App.3d 720, 723, 53 Ill.Dec. 732, 734, 424 N.E.2d 367, 369 (Ill.App.Ct.1981), People v. McNeill, 81 Mich.App. 368, 378, 265 N.W.2d 334, 338 (Mich.Ct.App.1978), State v. Thomas, 310 N.C. 369, 373, 312 S.E.2d 458, 460 (N.C.1984), Bridges v. State, 247 Wis. 350, 369, 19 N.W.2d 529, 537 (Wis.1945).
Finding no error, we affirm.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON and ZUCCARO, JJ., concur.
SULLIVAN, J., dissents without written opinion.